THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| NICOMEDES TUBAR, III,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>JASON CLIFT; and THE CITY OF KENT, WASHINGTON, a municipal corporation,<br><br>　　　　　　　　　　Defendants. | No. C05-1154JCC<br><br>DEFENDANTS' OBJECTION TO PLAINTIFF'S EVIDENCE (RE: DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT WHICH IS **NOTED ON MOTION CALENDAR: APRIL 7, 2006**) |

Defendants object[1] to the following evidence presented by Plaintiff in connection with the Defendants' Motion for Partial Summary Judgment set for hearing on April 7, 2006 before this Court:

Plaintiff's have submitted the Declaration of D.P. Van Blaricom. Van Blaricom's entire declaration should be disregarded.

The issues of "seizure" and of qualified immunity (which is for the Court to determine under "clearly established" law) are questions of law for the Court, and purported expert testimony on these issues is not appropriate. *Abbott v. City of Crocker*, 30 F.3d 994 (8th Cir. 1994); *Arnatt v. Mataya*, 995 F.2d 121 (8th Cir. 1993).

---

[1] A written objection (or a motion to strike) is an appropriate method to seek exclusion of inadmissible evidence. *Pfingston v. Ronan Engineering*, 284 F.2d 999, 1003 (9th Cir. 2002).

DEFS' OBJECTION TO PLTF'S EVIDENCE RE: DEFS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 1
USDC Cause No. C05-1154JCC
U:\CLinder\slt\wcia03107\p-040606-objectpltfevidence.doc

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

Thus, the Van Blaricom declaration should be disregarded completely.  If the Court considers the Van Blaricom declaration, there are a number of inadmissible portions that should be disregarded.

1.     Portions of the Declaration of D.P. Van Blaricom:

a)     Page 6, ll. 4-6.         "It is my considered opinion that the shooter did not have probable cause to believe that the vehicle, in which the plaintiff was riding, posed a significant threat of death or serious injury at the time the shots were fired."

Objection:  This is a legal conclusion.  Further, Mr. Van Blaricom does not have the expertise to form this opinion under these facts and this opinion is without foundation.

<u>Question of law</u>.    "Probable cause" is a legal conclusion and it should be disregarded.  *Berry v. City of Detroit*, 25 F.3d 1342 (6th Cir. 1994) (Court excludes expert testimony that is legal conclusion and cautions against "liability experts" use of conclusory condemnation of officer's actions which "merely tells jury what result to reach").  Similarly, expert declarations containing conclusory allegations on the ultimate issue do not defeat summary judgment.  *Evers v. Gen'l Motors*, 770 F.2d 984, 986 (11th Cir. 1985).

<u>Lack of expertise</u>.     Under FRE 702, the purported expert must demonstrate his expertise for the issues he testifies on.  Here, with his apparent creation of Exhibit E (see discussion below), Van Blaricom is offering accident reconstruction opinions.  For all his claimed expertise, he is not and does not purport to be an accident reconstructionst.  His testimony on the issue of "probable cause" and on "objective reasonableness," see below, are based in part on his attempt at accident reconstruction, which is based on Exhibit E to his declaration.

<u>Lack of foundation</u>.    Exhibit E forms a basis for Van Blaricom's opinions.  He has apparently added certain features to Auburn Police Department's investigators' scene diagram.  These features include, the "shooter," the bullet trajectories for all 3 shots, and the location of the vehicles when the 3 shots were fired or hit the car.  The Auburn Police Department investigators did not put these features on Exhibit E.  *See Supplemental*

DEFS' OBJECTION TO PLTF'S EVIDENCE RE: DEFS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 2
USDC Cause No. C05-1154JCC
U:\CLinder\slt\wcia03107\p-040606-objectpltfevidence.doc

**KEATING, BUCKLIN & MCCORMACK, INC., P.S.**
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

*Declaration of Randey E. Clark.*

Van Blaricom fails does not demonstrate how he determined where to place the various features on Exhibit E.  He does not state what speeds he assumed for the vehicle and whether he assumed the shooter remained stationary throughout the time up to and through the firing of the 3rd shot.  Indeed, one point Van Blaricom seems to argue is Clift was stationary and later says Clift was moving to get out of the way.  In short, Van Blaricom provides no data in support of the locations of the various features on Exhibit E.  When the gap between the data and the opinion is too great, the opinion should be stricken. *Gen'l Electric v. Joiner*, 522 U.S. 36 (1997).  Thus, there is no foundation for Exhibit E and insufficient foundation for Van Blaricom's "probable cause" opinions.

  b)  Exhibit "E" to the Van Blaricom declaration.

Objection:  This exhibit is objected to on the same grounds as set forth immediately above.

  c)  Page 6, ll. 12-13.  "As would be expected of a front wheel drive vehicle with a flat right front tire, the vehicle was naturally turning in an arch to the right."

Objection:  There is no foundation for this statement and it is a conclusory statement.  And Van Blaricom provides no clue how he would have the expertise to express this opinion.

Interestingly, Ms. Morehouse, the driver, and Mr. Tubar, the passenger, claimed they had no idea the tire was flat and they both denied the car drove or road as though it had a flat tire. *Morehouse Dep.*, pp. 70 and 88, *Tubar Dep.*, pp. 30, 31 and 36, attached to Declaration of Steven L. Thorsrud.

  d)  Page 7, ll 7-11.  "g.  By placing the vehicle's right front wheel along the right turn arc, so as to align the trajectories of the shots 1 and 2 into the vehicle, the vehicle's position can be approximately located for when each of the shots was fired and the third shot was fired as the vehicle was passing the shooter."

Objection:  This evidence is objected to on the same grounds as above under a).

DEFS' OBJECTION TO PLTF'S EVIDENCE RE: DEFS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 3
USDC Cause No. C05-1154JCC
U:\CLinder\slt\wcia03107\p-040606-objectpltfevidence.doc

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

That is, a lack of accident reconstruction expertise and a lack of accident foundation for "placing the vehicles" and "aligning the trajectories." Also, this passage is speculative.

  e) Page 7, ll. 12-16. "h. As can be seen from Exhibit E, the vehicle was always turning away from the shooter, with no sudden steering input, and passed him at a distance he describes in his second interview as being 'probably around ten feet.' (p. 26, ll. 9-11), after he had moved some 'five feet.' (P. 25, ll. 6-7) 'to the right – to get out of the way' (p. 45, ll. 6-7)."

  Objection: Concerning the reference to Exhibit E, the above objection on lack of expertise and lack of foundation are incorporated herein. The same objections apply to the statements that "the car was always turning away from the shooter, with no sudden steering input." Even Ms. Morehouse admitted that, under her version of events, at some time the front of the vehicle was pointing at Officer Clift. *Morehouse Dep.*, p. 70.

  f) Page 8, ll. 4-6. "10. In my considered opinion the shooting of the plaintiff was objectively unreasonable use of excess force."

  Objection: This is objected to because the statement "objectively unreasonable use of excess force" is a legal conclusion. *Griffin v. City of Clanton*, 932 FS. 1357 (M.D. Ala. 1996) (Expert's opinion that force used was "unnecessary and unreasonable" mere legal conclusions properly stricken); *Berry v. City of Detroit, supra*. In addition, to the extent this opinion is based on Van Blaricom's "accident reconstruction" it should be stricken because of lack of expertise and foundation.

  g) Page 8, ll. 15-20. "d. When first interviewed, the shooter explained (p. 10): (1) he was specifically asked why he did not 'step to the curb here and just let the vehicle go away, just let is drive off, to which he candidly replied that he 'could have, and (2) but he added, however, he was doing my job trying to stop them. (Emphasis supplied)."

  Objection: This should be stricken because it is without foundation and completely out of context. *See Second Declaration of Jason Clift in Support of Summary Judgment*. (These statements refer to when Officer Clift walked up behind the car, before it started

DEFS' OBJECTION TO PLTF'S EVIDENCE RE: DEFS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 4
USDC Cause No. C05-1154JCC
U:\CLinder\slt\wcia03107\p-040606-objectpltfevidence.doc

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

moving.)

h) Page 9, ll. 1-2. "2) his real purpose in shooting was merely to prevent the escape of two people in a stolen vehicle."

Objection: This should be stricken because it is speculative and without foundation, and irrelevant. Further, Van Blaricom does not explain how he is an expert in determining someone else's subjective intent.

i) Page 9, ll. 6-7. "g. Therefore, no officer could have reasonably believed that the shooting of plaintiff was justified and/or permissible."

Objection: This statement is a legal conclusion and one for the Court, not a purported expert, to make. See discussion above.

j) Page 9, ll. 9-11. "It is my considered opinion that this OIS was not investigated to a reasonable standard of care."

Objection: Van Blaricom fails to demonstrate what the standard of care is. Asking "tough questions" may be his opinion of what he would do, but he fails to demonstrate this is a legal standard adhered to by the police community. *Tempken v. Frederick County Commissioners*, 945 F.2d 716 (4th Cir. 1991) (Plaintiff's expert's opinions stricken where expert used his own standard, not a legally recognized standard).

k) Page 9, ll. 14-15. "b. The shooter's account of the shooting was unreasonably delayed, . . ."

Objection: This opinion is without foundation. Van Blaricom fails to explain when this "account" should have been given and fails to demonstrate how this claimed delay changed the outcome of the investigation.

l) Page 10, ll. 21-23. "h. Nevertheless, the chief policy maker ratified the shooter's conduct as being with the custom, policy and practice of the KPD."

Objection: This should be stricken because "ratification" is a legal conclusion. In addition, Van Blaricom fails to demonstrate how the chief policy maker's conduct constitutes ratification.

DEFS' OBJECTION TO PLTF'S EVIDENCE RE: DEFS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 5
USDC Cause No. C05-1154JCC
U:\CLinder\slt\wcia03107\p-040606-objectpltfevidence.doc

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

Defendants respectfully request the Court sustain the above objections and strike the evidence referred to above.

RESPECTFULLY submitted this 7th day of April, 2006.

    KEATING, BUCKLIN & McCORMACK, INC., P.S.

    s/ Steven L. Thorsrud
    Steven L. Thorsrud, WSBA # 12841
    Attorney for Defendants
    Keating Bucklin & McCormack, Inc., P.S.
    800 Fifth Avenue, #4141
    (206) 623-8861
    (206) 223-9423 Facsimile
    sthorsrud@kbmlawyers.com

## DECLARATION OF SERVICE

I hereby certify that on April 7, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Timothy K. Ford and Cristobal Joshua Alex.

    s/ Christine Jensen Linder
    Keating Bucklin & McCormack, Inc., P.S.
    800 Fifth Avenue, #4141
    Seattle, WA  98104
    (206) 623-8861
    (206) 223-9423 Facsimile
    clinder@kbmlawyers.com

DEFS' OBJECTION TO PLTF'S EVIDENCE RE: DEFS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 6
USDC Cause No. C05-1154JCC
U:\CLinder\slt\wcia03107\p-040606-objectpltfevidence.doc

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE:  (206) 623-8861
FAX:  (206) 223-9423