UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NICOMEDES TUBAR, III,

Plaintiff,

v.

JASON CLIFT; and THE CITY OF KENT, WASHINGTON, a municipal corporation,

Defendants.

CASE NO. C05-1154JCC

ORDER

This matter comes before the Court on Plaintiff's Motion to Increase Numerical Limit on Depositions (Dkt. No. 90), Plaintiff's Motion to Extend Discovery Cutoff (Dkt. No. 92), Plaintiff's Motion to Extend Deadline for Expert Disclosures (Dkt. No. 138), and Plaintiff's Motion to Continue Summary Judgment on Municipal Liability (Dkt. No. 149). The Court, having carefully considered all of the papers submitted and determined that oral argument is not necessary, hereby finds and rules as follows.

## I.  MOTION TO INCREASE NUMERICAL LIMIT ON DEPOSITIONS

Federal Rule of Civil Procedure 30(a)(2)(A) requires leave of Court when a party seeks to take more than ten depositions under Rule 30 or Rule 31. Plaintiff seeks an increase of this limit from ten to eighteen (Dkt. No. 90). Defendants object to Plaintiff's request, arguing that Defendants' offer of

ORDER – 1

"informal interviews" in lieu of additional depositions provides a sufficient substitute.

In considering a request for additional depositions, the Court must consider the factors of Rule 26(b)(2), including whether the discovery sought is "unreasonably cumulative or duplicative" or available from another source that is "more convenient, less burdensome, or less expensive," whether "the party seeking the discovery has had ample opportunity" to obtain the information, and whether the "burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." FED. R. CIV. P. 26(b)(2). After considering the foregoing, the Court finds that Defendants' suggestion that Plaintiff conduct interviews that may not be used at trial for impeachment and that will provide no recorded evidence is an insufficient substitute for additional depositions. Further, the Court finds additional depositions justified on the facts of this case and in consideration of the course of this litigation.

Accordingly, Plaintiff's motion is GRANTED. Plaintiff may conduct eight (8) extra depositions. The Court leaves it up to Plaintiff which witnesses he would like to depose in conducting these eight additional depositions. In addition, Plaintiff may recall Dr. Mar to continue questioning as part of a Rule 30 deposition without such deposition counting against the eight extra depositions granted here.

## II. MOTIONS TO EXTEND DISCOVERY CUTOFF AND EXTEND DEADLINE FOR EXPERT DISCLOSURES

Plaintiff moves to extend the discovery cutoff in this matter from August 7 to October 5, "adjusting expert disclosure dates accordingly" (Dkt. No. 92). Plaintiff also separately moves to extend the deadline for expert disclosures (Dkt. No. 138). The current expert disclosure deadline is 90 days before trial and the rebuttal expert deadline may be 60 days before trial according to Federal Rule of Civil Procedure 26(a)(2)(C).

Certain discovery in this matter was stayed pending the determination of whether Defendant Officer Jason Clift would be entitled to qualified immunity. (*See* March 2, 2006 Order (Dkt. No. 28).)

ORDER – 2

Defendant Clift's qualified immunity motion was originally filed on March 16, 2006. Thereafter Plaintiff moved to continue consideration of that motion and requested the opportunity to conduct additional discovery before the Court ruled on the motion. Those requests were granted, the qualified immunity issue was renoted, and additional briefing by both sides was allowed. This Court then issued its Order denying qualified immunity on September 22, 2006. (Order (Dkt. No. 156).) Accordingly, the partial stay on discovery imposed in March was only lifted by the filing of the September 22, 2006 Order on qualified immunity. Because this occurred past the original discovery cutoff date in this matter and because the Court found *supra* that additional depositions are justified, the Court hereby GRANTS the motion to extend discovery in this matter. The new discovery cutoff shall be November 10, 2006.

Defendants make an unsupported and untenable claim that even though the plain language of Rule 26(a)(2)(C) requires expert disclosure 90 days before trial and rebuttal expert disclosure 30 days thereafter, Plaintiff actually was supposed to disclose his experts "within a reasonable time before the discovery cutoff"—in this case August 7—so that depositions of experts could have been *completed* before the general discovery cutoff. Defendants cite no authority for this argument and apparently did not read Rule 26(b)(4), which clearly sets forth the *separate* discovery and deposition rules for experts. Specifically, expert depositions "*shall not be conducted until after the report is provided*." FED. R. CIV. P. 26(b)(4)(A). Because expert reports may be provided up until 60 days prior to trial, FED. R. CIV. P. 26(a)(2)(C), it follows that expert depositions may occur up to some point *less* than 60 days before trial. Thus, expert depositions may continue long past the period for lay witness depositions. The plain language of the Federal Rules clearly undermines Defendants' incorrect and contorted interpretations of the Rules' expert disclosure and discovery timeline.

Because the Court has extended discovery in this matter for good cause and because the qualified immunity Order was entered after the early September expert disclosure cutoff, the Court finds it necessary to GRANT Plaintiff's request to extend the expert disclosure cutoff as well. The new expert disclosure cutoff shall be November 10, 2006.

ORDER – 3

### III. MOTION TO CONTINUE SUMMARY JUDGMENT ON MUNICIPAL LIABILITY

Plaintiffs move to continue consideration of Defendant City of Kent's motion for summary judgment on municipal liability (Dkt. No. 149) because of the outstanding discovery in this matter. For the same reasons set forth *supra* justifying extension of discovery and expert disclosure deadlines and additional depositions in this matter, the Court hereby GRANTS Plaintiff's motion to delay the Court's consideration of municipal liability. Defendant City of Kent's partial summary judgment motion (Dkt. No. 133) is RENOTED for consideration on November 17, 2006.

SO ORDERED this 27th day of September, 2006.

John C. Coughenour
United States District Judge

ORDER – 4