UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NICOMEDES TUBAR, III,<br><br>Plaintiff,<br><br>v.<br><br>JASON CLIFT; and THE CITY OF KENT, WASHINGTON, a municipal corporation,<br><br>Defendants. | CASE NO. C05-1154JCC<br><br>ORDER |

This matter comes before the Court on Third Party King County Prosecuting Attorney's Motion to Quash Subpoena and request for *in camera* review (Dkt. No. 113) and Plaintiff's Opposition thereto (Dkt. No. 119). The Court, having carefully considered all of the papers submitted and determined that oral argument is not necessary, hereby finds and rules as follows.

I.   BACKGROUND AND FACTS

The facts of this case have been recited in prior Orders of this Court. (*See* Orders (Dkt. Nos. 28, 156).) Relevant to the instant motion are the following facts. On June 25, 2003, Defendant Jason Clift, a City of Kent Police Officer, discovered a stolen 2001 Kia automobile in the parking lot of Plaintiff's apartment building, decided to watch the vehicle, placed a "rat trap" under one of the tires, and hid to await some activity involving the car. Approximately thirty minutes later, Defendant Clift observed

ORDER – 1

Plaintiff, along with driver Heather Morehouse, exit the apartment building and enter the stolen vehicle. As Ms. Morehouse began backing the vehicle out of the parking spot, the rat trap punctured the vehicle's tires, Defendant Clift emerged from the bushes with his flashlight and gun, and he announced that he was a police officer. Plaintiff and Ms. Morehouse did not hear this announcement nor realize that Defendant Clift was a police officer, but Defendant Clift thought that the vehicle occupants perceived him. The parties' accounts of the ensuing events differ. Plaintiff claims that Ms. Morehouse drove uneventfully toward the exit of the parking lot; Defendant Clift claims that she drove toward him, accelerated, and put him in fear for his life. It is undisputed that at some point the car was headed directly toward where Defendant Clift was standing, though the parties dispute how long this was and whether it was the result of Ms. Morehouse intentionally steering the car toward Defendant Clift.

As the car approached the parking lot exit, Defendant Clift fired his weapon at the vehicle three times. The first two bullets entered the hood and front windshield of the vehicle but did not strike either Ms. Morehouse or Plaintiff. Defendant Clift fired his third shot as the vehicle was passing him. This third bullet entered through the driver's side window and struck Plaintiff in the upper left shoulder area. Plaintiff filed this action on June 24, 2005 against Defendant Clift in his individual capacity and the City of Kent for damages arising from an alleged violation of his civil rights under 42 U.S.C. § 1983, along with supplemental common law claims for negligent hiring, training, supervision, and retention. (Compl. ¶ 5.2.)

In a criminal case brought by the King County Prosecuting Attorney, Ms. Morehouse pled guilty to assault in connection with this incident. Defendants have argued that this plea is admissible in the instant litigation. While the admissibility of Ms. Morehouse's *Alford* plea is not at issue here, Plaintiff argues that Defendants' position is relevant to the instant motion, because Plaintiff now seeks discovery of documents of the King County Prosecuting Attorney that allegedly could show that this plea was reached after consultation with counsel for Defendants in this action and that such consultation influenced the plea negotiations. Plaintiff's position is that the possibility that Ms. Morehouse's plea was negotiated

ORDER – 2

with an eye toward the potential for the instant litigation by Plaintiff against law enforcement could, in turn, affect the probative value of Ms. Morehouse's plea if it is offered or admitted as evidence in this proceeding. Notably, Plaintiff argues, Ms. Morehouse pled guilty to the "more doubtful" assault charge despite also being charged with the more obvious possession of stolen property.

Plaintiff accordingly subpoenaed the records from Ms. Morehouse's criminal case, to which subpoena the King County Prosecuting Attorney objected in part. In the instant motion, the King County Prosecuting Attorney seeks to protect certain documents from disclosure on the basis that they are attorney work product and therefore not discoverable. The documents at issue have been submitted to the Court *in camera*. They consist of memoranda, e-mails, and handwritten notes by and between attorneys employed by the King County Prosecuting Attorney's office regarding the prosecution of Ms. Morehouse. Plaintiff opposes the motion to quash and seeks an order enforcing his subpoena and compelling the King County Prosecuting Attorney to produce the requested documents.

## II. ANALYSIS

Federal Rule of Civil Procedure 45(c)(3) provides for the procedure utilized by the King County Prosecuting Attorney, which is not counsel to any party to this litigation, in bringing the instant motion. Under Rule 45(c)(3), the Court may quash or modify a subpoena if it requires a third party to disclose privileged or protected matter and no exception or waiver applies. FED. R. CIV. P. 45(c)(3)(A). Rule 45(c)(3) also allows the subpoenaing party to seek an order compelling production. *Id.* R. 45(c)(3)(B). Plaintiff seeks such an order here in response to the motion to quash.

The King County Prosecuting Attorney argues that the memoranda, e-mails, and handwritten notes that Plaintiff seeks are attorney work product and therefore not discoverable. The King County Prosecuting Attorney argues that Federal Rule of Civil Procedure 26(b)(3) applies here to shield the requested materials from disclosure. That rule provides:

> [A] party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other

ORDER – 3

party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

FED. R. CIV. P. 26(b)(3). As noted in *Sporck v. Peil*, 759 F.2d 312, 316 (3d Cir. 1985), *cert. denied*, 474 U.S. 903 (1985), Rule 26(b)(3) "partially codified" the attorney work product doctrine articulated by the United States Supreme Court in *Hickman v. Taylor*, 329 U.S. 495 (1947). In *Hickman*, a party requested information in the possession of his adversaries and their counsel. The Supreme Court held that the requested documents were not discoverable, relying on the public policy of protecting an attorney's conduct of and work during the course of litigation. Allowing an adversary in litigation to view memoranda, witness statements, and mental impressions would violate that policy. *Hickman*, 329 U.S. 495, 508–14.

The rule of *Hickman*, however, is limited by its facts. In *Hickman*, the information sought in discovery was attorney work product (1) prepared for the same litigation and (2) prepared by an adversary in that litigation. In contrast, the information sought here (1) is being requested as part of subsequent litigation and (2) was prepared by a third party which is not a party to this litigation. Several sources guide the Court in considering these differences.

The King County Prosecuting Attorney relies exclusively on Washington law in discussing the work product protection in the contexts of both subsequent litigation and party continuity. (*See* Mot. 5–6 (citing WASH. REV. CODE § 42.56.290; *Dever v. Fowler*, 816 P.2d 1237 (Wash. Ct. App. 1991); *Harris v. Drake*, 99 P.3d 872 (Wash. 2004).) However, the Court finds that federal law must govern the work product doctrine inquiry here. This case is in federal court pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and *id.* § 1343(a)(3) (federal jurisdiction in civil rights cases) and includes supplemental state law claims pursuant to *id.* § 1367. The Federal Rules of Civil Procedure govern in federal district courts. FED. R. CIV. P. 1. Moreover, while questions involving privileges may in some

ORDER – 4

instances be resolved by reference to relevant state law when they bear on state law claims, FED. R. EVID. 501,[1] in cases involving the attorney work product doctrine, federal law controls in all instances. *See, e.g.*, *United Coal Cos. v. Powell Constr. Co.*, 839 F.2d 958, 966 (3d Cir. 1988) ("Unlike the attorney client privilege, the work product privilege is governed, even in diversity cases, by a uniform federal standard embodied in [Federal Rule of Civil Procedure 26(b)(3)]."). Therefore, Washington law regarding attorney work product is irrelevant here.

      The Court thus turns again to the relevant federal rule. The plain language of Federal Rule of Civil Procedure 26(b)(3), quoted *supra*, refers repeatedly to "parties," both as those seeking discovery and those responding to discovery requests. The rule also refers to "litigation," "trial," and the "case," meaning the litigation in which the discovery is sought. On its face, then, Rule 26(b)(3) does not protect the work product of an attorney who did not or does not represent a party to the litigation in which the discovery is sought. Because the King County Prosecuting Attorney is not and has not been counsel for any party to the instant litigation, Rule 26(b)(3) does not contemplate its work product objections. This conclusion—that attorneys for nonparties may not object to discovery based on the attorney work product protection—is entirely consistent with the policy behind the work product protection, which is to protect the adversarial process in a particular litigation or in a series of lawsuits involving the same party or parties. *See* 6 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE §§ 26.70[1], .70[6][a] (3d ed. 2006). The documents that the King County Prosecuting Attorney seeks to protect from discovery here were not prepared in anticipation or as part of this litigation; nor is that office litigating here. Rather, the adversarial process that the King County Prosecuting Attorney was involved in was between entirely

---

[1] The applicability of state privilege law even to state law claims is limited. Where evidence is relevant to both state and federal claims, the federal common law of privileges governs discoverability even as to the state law claims. *See, e.g.*, *Hancock v. Dodson*, 958 F.2d 1367, 1373 (6th Cir. 1992) (following *Perrignon v. Bergen Brunswig Corp.*, 77 F.R.D. 455 (N.D. Cal. 1978) (Federal privilege law "should not be cast aside simply because pendent state claims are raised in what is primarily a federal question case.")).

ORDER – 5

different parties (the people of the State of Washington and Ms. Morehouse) and that litigation has concluded. The critical factor is not that this is subsequent, albeit related, litigation, but rather that the parties to the earlier litigation are not again parties here. As such, they, through their attorneys, cannot assert the attorney work product doctrine to prevent discovery here.

The United States Supreme Court has specifically discussed Rule 26(b)(3) in this regard as well. In *FTC v. Grolier Inc.*, 462 U.S. 19 (1983), the Court analyzed whether the work product protection extended beyond the litigation for which the documents at issue were prepared. In so doing, it found that Rule 26(b)(3) "protects materials prepared for *any* litigation or trial as long as they were prepared by or for a party to the subsequent litigation." *Grolier*, 462 U.S. at 25. Thus, the Court specifically found that the circumstance of subsequent litigation does not restrict the work product protection, but that the identity and continuity of parties does. Applying the language of *Grolier* here, the fact that the instant discovery request is made in subsequent related litigation is not the bar to the work product protection. Rather, the fact that the King County Prosecuting Attorney does not now—nor did it in the past—represent a party to this litigation makes the work product protection inapplicable. Because the King County Prosecuting Attorney's former client is not a party here, the work product protection cannot shield the documents generated in the criminal prosecution of Ms. Morehouse from discovery by Plaintiff. Courts in the Ninth Circuit have reached similar results by applying the same principles in cases fundamentally identical to this one. *See In re California Pub. Util. Comm'n*, 892 F.2d 778, 780–81 (9th Cir. 1989) (nonparty in closely related litigation could not prevent discovery because "the language of [Rule 26(b)(3)] makes clear that only parties and their representatives may invoke [the work product] protection"); *Doubleday v. Ruh*, 149 F.R.D. 601, 605–06 (E.D. Cal. 1993) (finding that *Grolier* requires that "protected materials must have been 'prepared by or for a party to the subsequent litigation'" and thereby refusing to apply the work product protection to criminal prosecutor's work product requested in a related subsequent civil rights suit against law enforcement).

//

ORDER – 6

1   For the foregoing reasons, the Court finds that the King County Prosecuting Attorney's assertion of the work product protection provided for in Rule 26(b)(3) is without merit.  Because Rule 26(b)(3) is altogether inapplicable here, the Court need not address the particulars of that rule's constraints on the discovery of mental impressions, conclusions, opinions, or legal theories.  Accordingly, all of the documents prepared by the King County Prosecuting Attorney in prosecuting Ms. Morehouse are discoverable by Plaintiff in this litigation even if they would be protected work product under different circumstances.

**III.   CONCLUSION**

For the reasons set forth in this Order, the King County Prosecuting Attorney's Motion To Quash Subpoena is hereby DENIED in its entirety and Plaintiff's request for an order compelling production is GRANTED.  The King County Prosecuting Attorney must produce to Plaintiff the requested records, including those submitted to this Court for *in camera* review.

SO ORDERED this 4th day of January, 2007.

*/s/ John C. Coughenour*

John C. Coughenour

United States District Judge

ORDER – 7