UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NICOMEDES TUBAR, III,

        Plaintiff,

    v.

JASON CLIFT; and THE CITY OF KENT,
WASHINGTON, a municipal corporation,

        Defendants.

CASE NO. C05-1154JCC

ORDER

      This matter comes before the Court on (1) Plaintiff's Motion to Compel Telephone Records (Dkt. No. 117), Defendants' Response thereto (Dkt. No. 122), and Plaintiff's Reply (Dkt. No. 131); (2) Third Party Brandy Clift's Motion for Leave to Intervene (Dkt. No. 125); (3) Third Party Brandy Clift's Motion to Quash Subpoenas for telephone records (Dkt. No. 126), Plaintiff's Opposition (Dkt. No. 131), and Third Party Brandy Clift's Reply (Dkt. No. 140); and (4) Defendants' Motion to Quash Subpoena for telephone records (Dkt. No. 128) and Plaintiff's Opposition thereto (Dkt. No. 131), as well as Plaintiff's Supplemental Submission regarding telephone records (Dkt. No. 155).  The Court, having carefully considered all of the papers submitted and determined that oral argument is not necessary, hereby finds and rules as follows.

//

ORDER – 1

I.     BACKGROUND AND FACTS

          The facts of this case have been recited in prior Orders of this Court.  (*See* Orders (Dkt. Nos. 28, 156, 171).)  Relevant to the instant motion are the following facts.  On June 25, 2003, Defendant Jason Clift, a City of Kent Police Officer, discovered a stolen 2001 Kia automobile in the parking lot of Plaintiff's apartment building, decided to watch the vehicle, placed a "rat trap" under one of the tires, and hid to await some activity involving the car.  Approximately thirty minutes later, Defendant Clift observed Plaintiff, along with driver Heather Morehouse, exit the apartment building and enter the stolen vehicle.  As Ms. Morehouse began backing the vehicle out of the parking spot, the rat trap punctured the vehicle's tires, Defendant Clift emerged from the bushes with his flashlight and gun, and he announced that he was a police officer.  Plaintiff claims that Ms. Morehouse drove uneventfully toward the exit of the parking lot; Defendant Clift claims that she drove toward him, accelerated, and put him in fear for his life.  As the car approached the parking lot exit, Defendant Clift fired his weapon at the vehicle three times.  The first two bullets entered the hood and front windshield of the vehicle but did not strike either Ms. Morehouse or Plaintiff.  Defendant Clift fired his third shot as the vehicle was passing him.  This third bullet entered through the driver's side window and struck Plaintiff in the upper left shoulder area.

          The parties agree that during the time that Defendant Clift was waiting in the bushes, he had a cellular phone conversation with Brandy Tripp Clift,[1] his then-girlfriend and current wife.  Defendant Clift acknowledges that he may have made other phone calls right after the incident, as well as the following day.  Moreover, at the time of the events at issue here, Defendant Clift was married to Tracie Jarratt Clift.  Plaintiff alleges that Defendant Clift was under significant personal stress at the time of the shooting, in part due to his then-wife Tracie Jarratt Clift's pending request for a protection order against Defendant Clift.

//

---

          [1]  Other names used in the motion papers include Brandi Tripp, Brandi Clift, Brandi Tripp Clift, Brandy Tripp, and Brandy Clift.  The Court will use only one version for consistency: Brandy Tripp Clift.

ORDER – 2

1    Plaintiff filed this action on June 24, 2005 against Defendant Clift in his individual capacity and

2    the City of Kent for damages arising from an alleged violation of his civil rights under 42 U.S.C. § 1983,

3    along with supplemental common law claims for negligent hiring, training, supervision, and retention.

4    (Compl. ¶ 5.2.)  On March 3, 2006, this Court stayed certain discovery pending a determination of

5    whether Defendant Officer Jason Clift would be entitled to qualified immunity.  (March 2, 2006 Order

6    (Dkt. No. 28).)  This Court then denied Defendant Clift's qualified immunity motion and lifted the partial

7    stay of discovery previously imposed.  (September 22, 2006 Order (Dkt. No. 156).)  Defendant Clift then

8    appealed this Court's denial of qualified immunity to the Ninth Circuit.  (Notice of Appeal (Dkt. No.

9    162).)  The trial and all remaining discovery is stayed pending the outcome of that interlocutory appeal.

10   (Stipulation and Order (Dkt. No. 167).)  Nevertheless, the parties have agreed that this Court should

11   decide the instant motions while the interlocutory appeal is pending and the Court has so ordered.  (*Id.*)

12   **II.    ANALYSIS**

13   This set of motions concerns whether the Court should compel production of the telephone

14   records of three individuals—Defendant Officer Clift, Tracie Jarratt Clift, and Third Party Brandy Tripp

15   Clift—as well as whether service of the subpoenas seeking those records was sufficient.  It appears that

16   five subpoenas are at issue here: one to Sprint for phone number 253-951-4502, one to Sprint for records

17   of Jason Clift, one to Verizon for phone number 206-919-3409, one to Verizon for phone number 206-

18   200-8437, and one to Verizon for records of Brandy Tripp Clift.  Defendants assert that two additional

19   subpoenas are at issue here as well, but no specifics are given beyond that they are directed to Verizon.

20   (Defs.' Mot., McConaughy Decl. (Dkt. No. 129) ¶ 10.)  Nor does Plaintiff speak to these possible

21   additional subpoenas.  If such additional subpoenas exist, the analysis herein applies to them as well as to

22   the five subpoenas identified *supra*.

23   //

24   //

25   //

26   ORDER – 3

1

     **A.    Discoverability of Defendant Clift's Phone Records**

2          The Court begins by noting that the production of documents by Defendant Clift while his

3 interlocutory appeal on the qualified immunity issue is pending would be improper where such discovery

4 extends *beyond* the issue of the qualified immunity defense. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818

5 (1982). However, because actual production will not occur at this time due to the agreed stay of all

6 discovery pending the outcome of the interlocutory appeal, the Court finds that a decision on the

7 discovery questions at issue here cannot run afoul of the purpose behind staying certain discovery until

8 the qualified immunity issue is finally resolved. That is not to say that the discovery requests now before

9 the Court necessarily would be subject to a partial stay under *Harlow*. Rather, because *all* discovery is

10 stayed, the Court need not make that distinction or reach that issue. Further, because the parties have

11 requested that the Court decide whether Defendant Clift's records at issue here are discoverable, the

12 appeal notwithstanding, the Court finds it appropriate to address this question now.

13          Plaintiff's motion to compel seeks two full days' worth (June 25 and June 26, 2003) of Defendant

14 Clift's cellular phone records, including a Sprint phone with the number 253-951-4502 and a Verizon

15 phone with the number 206-200-8437.[2] Defendants originally objected to this two-day request, but

16 produced records covering approximately 30 minutes prior to the shooting incident, which occurred

17 shortly after midnight on June 26, 2003. Defendants now object to any broader temporal production for

18 several reasons.

19          First, Defendants assert that this Court's March 2, 2006 Order—which, pursuant to *Harlow*,

20 imposed a partial stay of discovery as to Defendant Clift individually pending the Court's resolution of his

21 claim of qualified immunity—protects him from producing the remainder of the cellular phone records

22 Plaintiff seeks. Regardless of the merits of this position, since the time that the instant motions were

23

24       [2] Plaintiff's Supplemental Submission suggests that there may be additional phones that
Defendant Clift could have used during this time frame. If such additional phones exist, the analysis
25 herein applies to those phones as well.

26 ORDER – 4

1   briefed, this Court denied Defendant Clift's motion for partial summary judgment and defense of qualified

2   immunity and lifted the partial stay of discovery related to his qualified immunity defense.  Thus, the

3   question of whether the partial stay covered the requested records is MOOT now, and it will remain so if

4   this Court's qualified immunity ruling is affirmed.  Accordingly, because the partial stay was lifted prior

5   to the now pending appeal, the Court does not now reach the merits of Defendants' argument as to the

6   scope of that stay and its applicability to these phone records.

7          Second, Defendants argue that regardless of the scope of the previous partial stay, the records

8   Plaintiff seeks are irrelevant.  Under Federal Rule of Civil Procedure Rule 26(b)(1), information is

9   discoverable if it is "relevant to the claim or defense of any party."  Relevant information need not be

10  admissible if it is "reasonably calculated to lead to the discovery of admissible evidence."  In addition,

11  "[f]or good cause, the court may order discovery of any mater relevant to the subject matter involved in

12  the action."  FED. R. CIV. P. 26(b)(1).  While Rule 26 does not define the meaning of "relevant," the

13  Federal Rules of Evidence define "relevant evidence" as "evidence having any tendency to make the

14  existence of any fact that is of consequence to the determination of the action more probable or less

15  probable than it would be without the evidence."  FED. R. EVID. 401.  In order to reduce the element of

16  surprise and facilitate settlement, courts liberally construe pretrial discovery.  *Seattle Times Co. v.*

17  *Rhinehart*, 467 U.S. 20, 34 (1984).  The Court finds that Plaintiff's request for cellular phone records for

18  the two-day period including one day prior to the shooting incident here and one day following that

19  incident is permissible by these standards.  As Plaintiff emphasizes, Defendant Clift could have been under

20  personal stress at the time of the shooting, in part due to his then-wife Tracie Jarratt Clift's pending

21  request for a protection order against him.  It is undisputed that Defendant Clift spoke to his then-

22  girlfriend Brandy Tripp Clift on his cellular phone moments before the shooting.  Further, Defendant Clift

23  acknowledges that he may have made other phone calls right after the incident, as well as the following

24  day.  The identities of the people involved in these phone calls could lead Plaintiff to other potential

25  witnesses and information on Defendant Clift's state of mind at the time of the shooting and shortly

26  ORDER – 5

1  thereafter.  As such, Plaintiff's request is reasonably calculated to lead to the discovery of admissible

2  evidence.

3          Third, Defendants argue that production of the records would infringe on the privacy rights of the

4  parties to the phone calls.  While the Federal Rules of Civil Procedure do permit parties to be excused

5  from certain discovery on the basis of "annoyance, embarrassment, oppression, or undue burden or

6  expense," there is no generic "privacy" privilege.  FED. R. CIV. P. 26(c).  Further, this Court previously

7  has addressed the applicability of federal versus state law in discovery disputes in this case.  Generally,

8  federal law governs as to discovery of information relevant to federal claims in federal court.  (*See*

9  January 4, 2007 Order (Dkt. No. 171) 4–5 & n.1.)  Accordingly, the Court finds unpersuasive

10  Defendants' argument that Defendant Clift, Brandy Tripp Clift, and others involved in the phone calls

11  have state constitutional privacy interests that must prevent the discovery of more cellular phone records

12  in this case.  Defendants rely on a line of state authority involving phone call interceptions by law

13  enforcement in a criminal context, *see, e.g.*, *State v. Gunwall*, 720 P.2d 808 (Wash. 1986) (analyzing the

14  government's warrantless search of phone records under the Fourth Amendment of the United States

15  Constitution as well as under Washington's Constitution) and federal court application of *Gunwall* in

16  cases involving constitutional claims for relief with potentially divergent outcomes under federal and state

17  constitutional provisions, *see, e.g.*, *Esplanade Properties v. City of Seattle*, 307 F.3d 978 (9th Cir. 2002);

18  *Buckles v. King County*, 191 F.3d 1127 (9th Cir. 1999), *Lummi Nation v. Golde Assoc.*, 236 F. Supp. 2d

19  1183 (W.D. Wash. 2002).  Neither of these situations fits the issue here: state privacy interests asserted

20  as a bar to discovery in a federal civil action.  Nevertheless, the Court assumes, without deciding, that

21  there could be some privacy interest cognizable under federal law involved here.  *See, e.g.*, *Soto v. City of*

22  *Concord*, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (discussing federal courts' acknowledgment of privacy

23  interests in various contexts).  Without delving into the contours of such a federal privacy interest, the

24  Court finds that the limited scope of the records sought, combined with the measures already at the

25  parties' disposal to constrain the use of sensitive information produced in discovery (*see* Protective Order

26  ORDER – 6

1  (Dkt. No. 37)), adequately protects any such privacy interests of Defendant Clift or the third parties he

2  called on the two days in question.

3        For the foregoing reasons, the Court finds that Defendant Clift's phone records corresponding to

4  the two identified Sprint and Verizon phones, as well as any other phones used by Defendant Clift during

5  this time frame, are discoverable.  These records are relevant and any applicable privacy interests can be

6  protected by limiting the disclosure to phone records for the two-day period of June 25 and June 26,

7  2003 and by limiting access to the information therein by application of the parties' Protective Order

8  thereto if the parties so choose.  Accordingly, Plaintiff's Motion to Compel is GRANTED.

9        **B.    Discoverability of Tracie Jarratt Clift's Phone Records**

10       While Defendants' Motion to Quash states that phone records of Tracie Jarratt Clift are at issue

11 here (Defs.' Mot. 1, 3), no subpoenas that appear in the papers on this motion refer to her by name.  The

12 Court presumes that she is identified in the briefing as an interested party because she was married to

13 Defendant Clift at the time he was using the Sprint phone with the number 253-951-4502 and/or the

14 Verizon phone with the number 206-200-8437 and she might have used those phones as well.  However,

15 no specific issues are raised as to Tracie Jarratt Clift's interests in Plaintiff's discovery of information

16 about these phone records that are distinct from the issues raised as to Defendant Clift's interests.

17 Therefore, to the extent that her interests and objections are coextensive with the interests and objections

18 of Defendant Clift, the discoverability analysis *supra* section II.A applies to Tracie Jarratt Clift's phone

19 records as well.

20       **C.    Brandy Tripp Clift's Motion to Intervene**

21       Brandy Tripp Clift's unopposed motion to intervene for the purpose of moving to quash the

22 subpoenas of her telephone records is GRANTED.

23       **D.    Discoverability of Brandy Tripp Clift's Phone Records**

24       Both Brandy Tripp Clift and Defendants assert multiple objections in their motions to quash to the

25 subpoenas relating to Brandy Tripp Clift and the Verizon phone number 206-919-3409.  These objections

26 ORDER – 7

1    are both as to the sufficiency of service of the subpoenas and as to the discoverability of the records

2    themselves.  Sufficiency of service is addressed *infra* section II.E.  As to discoverability, Brandy Tripp

3    Clift's arguments rely on relevance and privacy.

4    The Court set forth the relevance test *supra* section II.A.  Applying that standard, the Court finds

5    that only calls made by Brandy Tripp Clift for the period of June 25 and June 26, 2003 that could possibly

6    relate to this lawsuit are relevant.  Specifically, calls made to or from Defendant Clift and calls made to or

7    from anyone who is a potential witness or who knows anything about the events of the night of the

8    shooting are discoverable.  However, any calls made to persons not associated with the factual issues

9    here are irrelevant.  Because the difference between these two categories cannot be determined without

10   review of the records, the Court finds that Plaintiff's request for the records for these two days is

11   "reasonably calculated to lead to admissible evidence."  That some phone numbers on the list will be

12   irrelevant does not prevent discovery of these records.

13   Brandy Tripp Clift's second argument is a reiteration of the privacy argument presented by

14   Defendant Clift.  The Court found *supra* section II.A that any privacy interests cognizable under federal

15   law and implicated as to Defendant Clift's phone records are sufficiently recognized and protected by the

16   limited scope of the records request and may be further protected by the parties' invocation of the

17   Protective Order already in place in this matter.  The Court finds no difference with respect to Brandy

18   Tripp Clift's privacy interests.

19   For the foregoing reasons, Brandy Tripp Clift's phone records requested by Plaintiff are

20   discoverable and her motion to quash on the bases of privacy and relevancy is DENIED.

21   **E.     Sufficiency of Service of Subpoenas for the Phone Records of Defendant Clift,**

22   **Tracie Jarratt Clift, and Brandy Tripp Clift**

23   Defendants' and Brandy Tripp Clift's motions to quash subpoenas raise several arguments about

24   the sufficiency of service of the subpoenas on the cellular phone companies.  Regarding service of

25   subpoenas, Federal Rule of Civil Procedure 45 provides that:

26   ORDER – 8

1
2
3

> Service of a subpoena upon a person named therein shall be made by delivering a copy thereof to such person and, if the person's attendance is commanded, by tendering to that person the fees for one day's attendance and the mileage allowed by law. . . .  Prior notice of any commanded production of documents and things or inspection of premises before trial shall be served on each party in the manner prescribed by Rule 5(b).

4  FED. R. CIV. P. 45(b)(1).

5      First, Defendants and Brandy Tripp Clift argue that Plaintiff's service by facsimile on the cellular

6  phone companies was improper and that personal service is required by Rule 45.  Because Verizon and

7  Sprint are corporations, Rule 4(h) is also relevant.  Rule 4(h) requires service of a summons on an

8  authorized agent of a corporation.  The meaning of "delivery to such person" (or agent) in Rule 45's text

9  is unclear, however.  A majority of courts addressing the issue of subpoena service on corporations have

10  held that personal service is required on an agent.  9 JAMES WM. MOORE ET AL., MOORE'S FEDERAL

11  PRACTICE §§ 45.21[1] (3d ed. 2006).  However, some district courts have allowed service by something

12  less than personal service as long as it ensures receipt.  *See Hall v. Sullivan*, 229 F.R.D. 501, 503–06 (D.

13  Md. 2005) (Federal Express delivery sufficient to satisfy requirements of Rule 45(b)(1)); *Doe v.*

14  *Hersemann*, 155 F.R.D. 630, 630–31 (N.D. Ind. 1994) (certified mail delivery sufficient because neither

15  text nor purpose of Rule 45 requires personal service).  Regardless, facsimile service in particular has

16  been held inadequate in the Eighth Circuit.  *See Firefighters' Inst. for Racial Equality v. City of St.*

17  *Louis*, 220 F.3d 898, 903 (8th Cir. 2000) (fax or regular mail cannot satisfy Rule 45 because delivery not

18  assured).  Here, the Court finds persuasive the minority position.  Because the plain language of Rule 45

19  does not require personal service, such is not required.  However "delivery" *is* required, and ensuring

20  such delivery is necessarily a part thereof.  Plaintiff's contention that the phone companies requested

21  facsimile service cannot excuse Plaintiff from the requirements of the Federal Rules.  Accordingly, the

22  Court finds that Plaintiff's facsimile service was insufficient and all subpoenas served by facsimile will be

23  QUASHED for that reason.

24      Second, Defendants and Brandy Tripp Clift argue that Defendants' counsel never received the

25  requisite "prior notice" required by Rule 45(b)(1) in the manner prescribed by Rule 5(b) because Plaintiff

26  ORDER – 9

1    merely e-mailed Defendants' counsel notice of the phone company subpoenas.  Rule 5(b) allows

2    electronic service only when a party consents in writing to receive service electronically.  Defendants

3    assert that they have refused to receive service electronically in this case.  Accordingly, the Court finds

4    that Plaintiff failed to meet the requirements of Rule 5(b) when e-mailing the subpoenas to counsel

5    without written consent for service in this manner.  Nevertheless, the Court finds this defect in procedure

6    to be an insufficient basis by which to quash the subpoenas, given the fact that Defendants themselves

7    have electronically served documents on Plaintiff in the past.  Defendants' objection to the same method

8    they have used when later employed by Plaintiff is disingenuous.  The Court further notes that Plaintiff

9    and Defendants may agree in writing to e-mail service between them if they wish, but unless that occurs,

10   e-mail service in the future will not satisfy Rule 5(b)'s requirements.

11          Third, Defendants and Brandy Tripp Clift argue that Rule 45(b)(1)'s "prior notice" requirement

12   was not met because Plaintiff did not timely serve (by e-mail or otherwise) opposing counsel.  They also

13   argue that the records production was scheduled to occur after the discovery cutoff.  The Court finds that

14   both of these arguments are now MOOT.  Since the time that the instant motions were briefed, the Court

15   extended the discovery cutoff upon Plaintiff's motion (September 27, 2006 Order (Dkt. No. 161)),

16   denied qualified immunity, and Defendant Clift appealed the qualified immunity ruling.  The parties then

17   agreed to stay all remaining discovery until a time subsequent to the Ninth Circuit's disposition of the

18   interlocutory appeal.  The commencement of that supplemental discovery period has yet to occur.

19   Accordingly, when discovery does resume, Plaintiff may cure the defects identified herein in his method

20   of service on the cellular phone companies and in the required method and timeliness of notice on

21   Defendants' counsel.  Plaintiff is advised to adhere to the requirement of "prior notice" in the future, but

22   finds failure to do so here immaterial, particularly given that the Court has already found facsimile service

23   to be a basis to quash the subpoenas.

24          Fourth, Brandy Tripp Clift argues that the location of records "deposition" is improper, because

25   the subpoenas were served by facsimile to Verizon at its address in New Jersey, yet the subpoenas

26   ORDER – 10

1    "schedule[] a records deposition on August 16, 2006 at the offices of plaintiff's counsel in Seattle,

2    Washington." (Third Party Mot. 3.)  Rule 45(b)(2), she argues, requires that a deposition be within 100

3    miles of the place of service.  This may be, but Rule 45(b)(2) is inapposite here.  Plaintiff's subpoenas do

4    not schedule "depositions."  Rather, the language of the subpoenas is that Verizon is "commanded to

5    produce and permit inspection and copying of the following documents or objects at the place, date, and

6    time specified below," after which Plaintiff's counsel's Seattle office is listed.  The applicable rule is Rule

7    45(c)(2)(A), which clearly states that a person "commanded to produce and permit inspection and

8    copying of designated books, papers, documents or tangible things, or inspection of premises *need not*

9    *appear in person at the place of production or inspection unless commanded to appear for deposition,*

10   *hearing or trial*."  FED. R. CIV. P. 45(c)(2)(A) (emphasis added).  Accordingly, because no deposition,

11   hearing, or trial subpoena was issued and because the subpoenas at issue here incorporate no such

12   language, the form of the subpoenas is proper.  Nowhere does Plaintiff ask a representative of Verizon to

13   personally escort the requested records all the way to Seattle.  Brandy Tripp Clift's objection on the basis

14   of Rule 45(b)(2) is meritless.

15   **III.    CONCLUSION**

16       For the reasons set forth in this Order, all cellular phone records of Defendant Clift, Tracie Jarratt

17   Clift, and Brandy Tripp Clift for June 25 and June 26, 2003 are discoverable, and

18       (1)    Plaintiff's Motion to Compel is GRANTED;

19       (2)    Brandy Tripp Clift's Motion to Intervene is GRANTED;

20       (3)    Brandy Tripp Clift's Motion to Quash is GRANTED IN PART and DENIED IN PART;

21              and

22       (4)    Defendants' Motion to Quash is GRANTED IN PART and DENIED IN PART.

23       While the subpoenas at issue here all have been quashed, Plaintiff may cure the identified

24   deficiencies in subpoena service and prior notice to attorneys by preparing and serving new subpoenas

25   consistent with the requirements outlined in this Order and prescribed by the Federal Rules when the

26   ORDER – 11

1    discovery period in this matter is reopened.

2           SO ORDERED this 25th day of January, 2007.

3

4

5                                          John C. Coughenour

6                                          United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   ORDER – 12