

FILED

APR 11 2008

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NICOMEDES TUBAR, III, | No. 06-35836 |
| Plaintiff - Appellee | D.C. No. CV-05-01154-JCC |
| v. | |
| JASON CLIFT; CITY OF KENT, Washington, a municipal corporation, | MEMORANDUM[*] |
| Defendants - Appellants | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Argued and Submitted March 10, 2008
Seattle, Washington

Before: B. FLETCHER, PAEZ, N.R. SMITH, Circuit Judges

Defendant-Appellants Jason Clift, a police officer for the City of Kent, and

the City of Kent appeal the district court's denial of their motion for partial

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

summary judgment on the issue of Officer Clift's affirmative defense of qualified immunity in Appellee Nicomedes Tubar's 42 U.S.C. § 1983 action. Because the parties are familiar with the facts of this case, we do not recount them here. We review de novo an appeal from an order denying a motion for partial summary judgment on the issue of qualified immunity, and we affirm in part and dismiss in part. *Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1059 (9th Cir. 2006).

I.   Jurisdiction

As an initial matter, we address Tubar's renewed motion to dismiss this interlocutory appeal for lack of jurisdiction. A district court's rejection of an individual defendant's defense of qualified immunity, insofar as it rests on a question of law, is immediately appealable as a collateral order. *See Behrens v. Pelletier*, 516 U.S. 299, 306 (1996). In denying Clift's motion for summary judgment, however, the district court noted that there were disputed issues of fact, which generally deprives us of jurisdiction "to consider an interlocutory appeal." *See Collins v. Jordan*, 110 F.3d 1363, 1370 (9th Cir. 1996). But because the parties accept Tubar's version of the material facts as true for purposes of this appeal, we conclude that we may properly exercise jurisdiction over Clift's appeal. *See Wilkins v. City of Oakland*, 350 F.3d 949, 951 (9th Cir. 2003) ("Where disputed facts exist, we will determine if the denial of qualified immunity was

proper by assuming that the version of events offered by the non-moving party is correct.").

We decline to exercise pendant appellate jurisdiction over the City of Kent's appeal, and accordingly, we dismiss the City's appeal for lack of jurisdiction. Ordinarily, an individual defendant's interlocutory appeal from an order denying qualified immunity does not support the exercise of pendant appellate jurisdiction to review the denial of a municipality's motion for summary judgment in a § 1983 action. *Huskey v. City of San Jose*, 204 F.3d 893, 902 (9th Cir. 2000). We may, however, exercise pendent appellate jurisdiction over a municipality's interlocutory appeal where the municipality's § 1983 liability is "inextricably intertwined" with the individual defendant's claim of qualified immunity. *Id*. at 904-06. That is, where resolution of an officer's assertion of qualified immunity will necessarily resolve the municipality's liability under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), we may assert pendant appellate jurisdiction. Because we affirm the district court's denial of Clift's summary judgment motion, our decision in his appeal does not conclusively resolve the City's municipal liability under § 1983. The City's claims are thus not inextricably intertwined, and we may not exercise pendent appellate jurisdiction over the City's appeal. *See Huskey*, 204 F.3d at 905-06.

Tubar's renewed motion to dismiss for lack of jurisdiction is denied in part and granted in part. The City's appeal is dismissed for lack of jurisdiction.

II.   Merits

Clift argues that the district court erred when it determined that Tubar had alleged a constitutional violation, because: 1) Clift did not "seize" Tubar for purposes of the Fourth Amendment, and, alternatively, 2) even if Clift's actions constituted a seizure, they were objectively reasonable and did not violate Tubar's Fourth Amendment rights. Clift further argues that the law was not clearly established at the time of the shooting such that a reasonable officer facing circumstances similar to those in this case would have known that his actions were unlawful. We address these arguments in turn.

Qualified immunity protects government officials acting in their official capacities from civil liability unless their conduct violates "clearly established" statutory or constitutional rights of which a "reasonable" official would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). A police officer is entitled to qualified immunity from suit alleging excessive force unless, under the "particularized" circumstances he faced at the time of his actions, it would have been clear to a reasonable officer that his conduct was unlawful in the situation he confronted. *Saucier v. Katz*, 533 U.S. 194, 202 (2001).

In *Saucier*, the Supreme Court imposed a specific, sequential analysis for determining whether qualified immunity is warranted. We first consider whether the facts alleged, taken in the light most favorable to the plaintiff, show that the officer's conduct violated a constitutional right. *Id*. at 201. If we find that no violation occurred, "[t]he inquiry ends," and "the plaintiff cannot prevail." *Motley v. Parks*, 432 F.3d 1072, 1077 (9th Cir. 2005) (en banc). If the facts alleged demonstrate a constitutional violation, we will then consider whether the right in question was "clearly established" such that a reasonable officer would know that "his conduct was unlawful in the situation he confronted." *Saucier*, 533 U.S. at 202.

Tubar's excessive force claim is governed by the Fourth Amendment, because "apprehension by the use of deadly force is a seizure subject to the reasonableness requirement of the Fourth Amendment." *Tennessee v. Garner*, 471 U.S. 1, 7 (1985). *See also Graham v. Connor*, 490 U.S. 386, 395 (1989) (holding that a claim that a law enforcement official used excessive force in making an arrest, investigatory stop, or other "seizure" is judged under the Fourth Amendment's objective "reasonableness" standard); *Scott v. Harris*, 127 S. Ct. 1769, 1777 (2007) (declining to establish a special rule for deadly force and explaining that "*Garner* was simply an application of the Fourth Amendment's

5

'reasonableness' test" articulated in *Graham*). A seizure is the "intentional acquisition of physical control" by a government actor; a seizure occurs "when there is a governmental termination of freedom of movement *through means intentionally applied*." *Brower v. County of Inyo*, 489 U.S. 593, 596-97 (1989) (emphasis in original). Clift argues that he did not seize Tubar because Tubar was not the intended object of the gunfire. This argument is unavailing. Because both Morehouse and Tubar were suspects at the time that Clift shot at the vehicle, Clift's intent to stop the vehicle also constituted intent to seize both of them. Accordingly, we conclude that by shooting Tubar, Clift seized Tubar for purposes of the Fourth Amendment.

     Clift's argument that the seizure was objectively reasonable likewise fails. We assess an allegedly excessive use of deadly force according to the rule set forth in *Garner*: "[w]here the officer has probable cause to believe that the suspect poses a threat of serious bodily harm [or death], either to the officer or to others, it is not constitutionally unreasonable to prevent escape by using deadly force." *Garner*, 471 U.S. at 11. Taking Tubar's allegations as true, a jury could conclude that Clift was never in danger, and even assuming that he acted reasonably when he fired the first two shots, the vehicle was no longer a threat when he fired the third shot. *See Blanford v. Sacramento County*, 406 F.3d 1110, 1116-19 (9th Cir. 2005). We

conclude that at this stage of the litigation—summary judgment—Tubar produced sufficient evidence to show that Clift's use of deadly force amounted to a violation of his Fourth Amendment rights.

Finally, we are unpersuaded by Clift's argument that the law was not clearly established at the time of the shooting such that a reasonable officer would have known that his actions were unlawful. We agree with the district court that our decision in *Acosta v. City and County of San Francisco*, 83 F.3d 1143 (9th Cir. 1996), clearly established Tubar's right not to be shot in a car that posed no immediate danger to the police officer or others. *See also Garner*, 471 U.S. at 11. Taking Tubar's factual allegations as true, no reasonable officer could have thought that the use of deadly force was reasonable under the circumstances.

**AFFIRMED** in part, **DISMISSED** in part.