THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| NICOMEDES TUBAR, III,<br><br>                            Plaintiff,<br><br>    v.<br><br>JASON CLIFT; and THE CITY OF KENT, WASHINGTON, a municipal corporation,<br><br>                   Defendants. | No.  C05-1154JCC<br><br>DEFENDANTS' MOTION TO EXCLUDE TESTIMONY OF D. P. VAN BLARICOM<br><br>**NOTED ON MOTION CALENDAR: Friday, December 5, 2008** |

## I.  INTRODUCTION

Defendants move, under FRE 104, to exclude the testimony of Plaintiffs' police practice's expert, D. P. Van Blaricom, because it (1) does not meet *Daubert*[1] standards; (2) contains legal conclusions; (3) is not helpful to the jury; and (4) is more prejudicial than probative.

## II.  FACTS

Van Blaricom's opinions are substantially as follows:

1.  Officer Clift did not have "probable cause" to believe that he was in imminent danger of death or serious injury;

---

[1] *Daubert v. Merrill Dow Pharmaceuticals*, 509 U.S. 579 (1993).

DFTS' MOTION TO EXCLUDE VAN BLARICOM
TESTIMONY - 1
Cause No. C05-1154
K:\SLT\wcia03107\Pleadings\p-112008-Motion to Exclude Testimony of Van Blaricom Redacted.doc

KEATING, BUCKLIN & McCORMACK, INC., P.S.<br>ATTORNEYS AT LAW<br>800 FIFTH AVENUE, SUITE 4141<br>SEATTLE, WASHINGTON 98104-3175<br>PHONE:  (206) 623-8861  FAX:  (206) 223-9423

2. Officer Clift's actions constituted an "objectively unreasonable" use of "excessive force;"

3. That Clift's description of the events is contradicted by the physical evidence;

4. That this shooting was not investigated to "reasonable standard of care," including that the investigators failed to "ask the tough questions;"

5. That the Chief of Police ratified alleged misconduct; and

6. That the Kent Police Department failed to require a fitness for duty examination for Officer Clift prior to the shooting at issue.

Van Blaricom arrived at above opinions after reviewing depositions and other documents.  He does not, however, explain how he arrives at these opinions.  He provides little, if any, rationale.  He fails to explain how and why his opinions are reliable.  He "cherry picks" information and discounts the testimony and evidence contrary to his conclusory opinions.  For example, Van Blaricom, in arguing the Plaintiff's case, states that Clift was not in danger because the vehicle was always turning away from Clift.  But Van Blaricom is not by his own admission an accident reconstructionist, yet gives accident reconstruction opinions.  He then ignores undisputed accident reconstruction testimony that the car was, for a time, pointed directly at Clift.  Further, the lead investigator for the City of Auburn, Detective Randey Clark, concludes this was a "good" shooting.  Van Blaricom disagrees (of course) and calls Clark's conclusion "highly subjective."  Van Blaricom Decl. Dkt. 234 at 16. Finally, Van Blaricom relies on what he considers to be two "standards of care," both of which are inadmissible.  *See* discussion below.

## III. ARGUMENT

**1.     Van Blaricom's Testimony Does Not Meet *Daubert* Standards.**

  a.   Even for non-scientific testimony, an expert's testimony must be based on something more than the expert's "ipse dixit."

DFTS' MOTION TO EXCLUDE VAN BLARICOM
TESTIMONY - 2
Cause No. C05-1154
K:\SLT\wcia03107\Pleadings\p-112008-Motion to Exclude Testimony of Van
Blaricom Redacted.doc

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861  FAX: (206) 223-9423

Evidence of specialized knowledge by an expert witness is allowed under Federal Rule of Evidence 702 if it "will (1) assist the trier of fact to understand the evidence or to determine a fact in issue and if the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principals and methods, and (3) the witness has applied the principals and methods reliably to the facts of the case."

This rule was interpreted in *Daubert v. Merrill Dow Pharmaceuticals*, 509 U.S. 579 (1993). In *Daubert,* the court established a "gate keeping" function for the District Court. This "gate keeping" function is to make a preliminary determination that the proposed expert's evidence meets Rule 702's parameters and is both relevant and reliable.

The *Daubert* court suggested non-exclusive factors that a District judge may use to determine the reliability of expert testimony: (1) whether the scientific theory can (and has been) tested; (2) whether the theory or technique has been subjected to peer review; (3) whether there is a known or potential error rate; and (4) whether the theory or technique is generally accepted in the relevant scientific community. *Id* at 593-94.

The Supreme Court expanded the gate keeper role in *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), when it held that the *Daubert* principals apply to cases involving non-scientific experts. The court held that "*Daubert's* general principals apply to expert matters described in Rule 702" and the trial judge may consider *Daubert* specific gate keeper factors when considering admissibility of expert testimony. *Id* at 149-50.

In the non-scientific setting, the court may look at the expert's experience, training and education in determining whether the expert's testimony is reliable. *Hangarter v. Provident Life & Accident Ins.*, 373 F.3d 998, 1018 (9th Cir. 2004). But the courts are clear

that the non-scientific expert must do more than simply give his or her assurance that the testimony is reliable. *Quiet Technology DC-8 v. Hurel-Dubois UK Ltd.*, 326 F.3d 1333 (11th Cir. 2003) ("Our case law plainly establishes that one may be considered an expert but still offer unreliable testimony.") *Zenith Elec. Corp. v. WH-TV Broadcasting, Corp.*, 395 F.3d 416 (7th Cir. 2005) ("[N]othing in either *Daubert* or the Federal Rules of Evidence require a District Court to admit opinion evidence which is connected to existing data only by the ipse dixit of the expert."); *Mid-State Fertilizer Co. v. Exchange Nat'l Bank*, 877 F.2d 1333, 1339 (7th Cir. 1989) ("an expert who supplies nothing but a bottom line supplies nothing of value to the judicial system.") The advisory committee note to Rule 702 (2000 amendment) provides:

> If the witness is relying solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts. The trial court's gate keeping function requires more than simply "taking the expert's word for it."
> …
> The more subjective and controversial the expert's inquiry, the more likely the testimony should be excluded as unreliable. *See O'Conner v. Commonwealth Edison Co.*, 13 F.3d 1090 (7th Cir. 1994) (expert testimony based on a completely subjective methodology held properly excluded.)

In the context of police practices experts, *Thomas v. City of Chattanooga*, 398 F.3d 426 (6th Cir. 2005), is instructive even though it is an appeal of a summary judgment. *Thomas* involved a § 1983 claim of alleged municipal liability based on the City of Chattanooga's claimed policy, custom and practice of allowing its officers to use excessive force. Plaintiffs hired police practices expert, Phillip Davidson. The court commented that Davidson had a lengthy career in criminal justice, law, and education relating to police training and operations. *Id* at 432. Davidson submitted two affidavits in opposition to

DFTS' MOTION TO EXCLUDE VAN BLARICOM
TESTIMONY - 4
Cause No. C05-1154
K:\SLT\wcia03107\Pleadings\p-112008-Motion to Exclude Testimony of Van
Blaricom Redacted.doc

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861  FAX: (206) 223-9423

defendants' motion for summary judgment.

In discussing *Daubert* and *Kuhmo Tire* in the context of non-scientific expert testimony, the Sixth Circuit said:

> In this case, appellants believe that because we are dealing with non-scientific testimony, Davidson may rely solely on his experience to explain [his] conclusion … rather than having to explain to the court why and how he came to those conclusions.  An expert may certainly rely on his experience in making conclusions, particularly in this context where an expert is asked to opine about police behavior.  *See* FRE 702 advisory committee notes (2000) ("In certain fields, experience is the predominant, if no sole, basis for a great deal of reliable expert testimony.")  We need not doubt whether Davidson is qualified to assess police operations. Indeed, Davidson's *curriculum vitae* suggests that his long career in the fields of criminal justice, the law, and education of all related to police training and operations.
>
> However, being an expert does not lessen the burden in rebutting a motion for summary judgment.  In fact, ([I]f the witness is relying solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached, … and how that experience is reliably applied to the facts.  The trial court's gate keeping function requires more than simply "taking the expert's word for it."  *See* FRE 702 advisory committee notes. When *Daubert* was remanded back to the Ninth Circuit, the court stated that "[W]e've been presented with only the experts' qualifications, their conclusions and their assurances of their reliability.  Under *Daubert* that's not enough." *Daubert*, 43 F.3d 1311, 1319 (9th Cir. 1995).  Similarly, in this case, because Davidson's affidavits provide no rationale for his conclusions, appellants are asking that we take their expert's "word for it."  We cannot.

*Thomas v. City of Chattanooga*, at 432.

Here, Van Blaricom, like the expert in *Thomas*, has a good deal of police experience.  But Van Blaricom, like the expert in *Thomas*, is relying on "ipse dixit" and wants the Court to take "his word for it."  Van Blaricom's opinions simply discount or ignore Officer Clift's and Det. Clark's statements.  Van Blaricom cites his training and experience, but does not point to any standards that have been adopted in the state of

Washington or by the Kent police department.  *See* discussion below, at 10-11.  Van Blaricom's opinions are based on the "because I said so" rationale.  That is not enough under *Daubert.*

Van Blaricom has been plagued by the ipse dixit issue.  His testimony has been stricken before on that very basis in this District.  In *Gonzalez v. Pierce County*, 2005 U.S. Dist. LEXIS 35205 (W.D. Wash. 2005), Judge Bryan rejected Van Blaricom's report as conclusory and unhelpful, stating:

> Mr. Van Blaricom's opinion does not meet the standard of evidentiary reliability on this case.  The theory or technique he used to reach conclusions is unclear, and there's no showing that it has been or can be, tested.  There is no showing that the theory or technique has been subject to peer review or publication, or whether it has a rate of error.  There's no showing that the theory or technique is generally accepted in the law enforcement community.  In light of *Daubert* and *Kuhmo Tire*, it is simply not sufficient for qualified expert to render an opinion based on an ipse dixit analysis.  Van Blaricom's opinion appears to be legal argument rather than expert analysis.  It is not helpful to the court on this matter and certainly by itself does not raise an issue of fact.

*Id* at 18.

Similarly, in *Deitch v. City of Olympia*, (Dkt. C06-5394-RBJ), Van Blaricom's testimony was stricken based on the same rationale as set forth above.

Judge Bryan is not alone in his view of Van Blaricom's opinions.  Other judges in the Western and Eastern Districts of Washington have identified problems with Van Blaricom's opinions.  *Goldsmith v. Snohomish County*, 558 F. Supp.2d 1140, 1151, 1155 (W.D. Wash 2008) (Van Blaricom opinion criticized because court cannot use "perfect hindsight to second guess" what officers might have been done differently and he offered opinion "without supporting information."); *Peterson v. City of Federal Way*, 2007 U.S. Dist. LEXIS 51872 (W.D. Wash 2007) (Portions of declaration stricken because of

DFTS' MOTION TO EXCLUDE VAN BLARICOM
TESTIMONY - 6
Cause No. C05-1154
K:\SLT\wcia03107\Pleadings\p-112008-Motion to Exclude Testimony of Van
Blaricom Redacted.doc

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861  FAX: (206) 223-9423

"impermissible legal opinions, about amount of force used.")  *See, also*, *Velkinburgh v. Wulick, 2008 U.S. Dist.* LEXIS 62350 (2008); *Logan v. City of Pullman Police Dept.*, 2006 U.S. Dist. LEXIS 3762 (E.D. Wash. 2006) (No "evidence or analysis" to support Van Blaricom opinion on use of O.C. spray.).

Van Blaricom's opinions have also been rejected by the District Court in Hawaii. *Kanae v. Hodson*, 294 F. Supp.2d 1179, 1187, 1188 (D. Haw. 2003). (Van Blaricom, in criticizing police actions, offered the opinion that an investigation failed to address "inconsistencies" in the officer's account of the shooting and simply ratified the unreasonable use of deadly force. The court found that Mr. Van Blaricom seemed to deliberately ignore testimony that did not support his opinion. "Accordingly, Van Blaricom's conclusion that Hodson was saying he fired first is questionable.")

All three divisions of the Washington Court of Appeals have found problems with Van Blaricom's opinions. *Donaldson v. Seattle*, 65 Wn. App. 661, 660, 830 P.2d 1098 (Div. I, 1992) (Van Blarcom [sic] opinion disregarded as a matter of law); *Keates v. City of Vancouver*, 73 Wn. App. 257, 265, 869 P.2d 99 (Div. II, 1994) rev. denied, 124 Wn.2d 1026 (Van Blaricom's statement that conduct was "callously outrageous," in case involving claim of outrage, was a legal conclusion.); *McBride v. Walla Walla County*, 95 Wn. App. 33, 37, 975 P.2d 1029 (Div. III, 1999) (Van Blaricom opinion excluded because it contained conclusory assertions instead of factual allegations.)

b.   Van Blaricom's testimony is not helpful to the Jury.

One of the District Court's primary functions is to determine whether the evidence is relevant, which includes whether it is helpful to the jury. *Daubert*, 509 U.S. at 591. Expert testimony must address an issue beyond the common knowledge of average layman.

DFTS' MOTION TO EXCLUDE VAN BLARICOM
TESTIMONY - 7
Cause No. C05-1154
K:\SLT\wcia03107\Pleadings\p-112008-Motion to Exclude Testimony of Van
Blaricom Redacted.doc

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE:  (206) 623-8861  FAX:  (206) 223-9423

*United States v. Vallejo*, 237 F.3d 1008, 1019, (9th Cir.), as amended by 246 F.3d 1150 (9th Cir. 2001); *United States v. Lundy*, 809 F.2d 392, 396 (7th Cir. 1987) (holding that "it is improper to permit an expert to testify regarding facts that people of common understanding can easily comprehend.")

Expert testimony must be helpful to the jury, and at the same time, an expert is prohibited from making credibility evaluations.   Under Rule 702, witness credibility evaluations, even when rooted in expertise, are inadmissible.  *Nimely v. City of New York*, 414 F.3d 381, 398 (2nd Cir. 2005).  In *Nimely*, the defendant's expert expressed opinions on the veracity of police officers in an excessive force case.  The Second Circuit vacated the judgment of the District Court and remanded for a new trial.  In doing so, it held that such testimony – expert testimony commenting on credibility – does not assist the trier of fact, but instead usurps the fact finder's function.  *Id.*

Expert testimony that simply tells the jury what outcome they should reach is not helpful.  *United States v. Duncan*, 42 F.3d 97, 101 (2nd Cir. 1994) ("when an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgments for the jury's.")

Van Blaricom's testimony does little more than tell the jury which result to reach. But the jury does not need Van Blaricom's help.  The jury can sort through the different statements, assess credibility, and come to their own conclusions about what happened. The jury can make factual determinations and come to a conclusion on whether Officer Clift's actions violated Tubar's civil rights.

    c.   <u>Van Blaricom's opinions are mostly legal conclusions</u>.

Van Blaricom's opinions are little more than legal arguments that should be

DFTS' MOTION TO EXCLUDE VAN BLARICOM
TESTIMONY - 8
Cause No. C05-1154
K:\SLT\wcia03107\Pleadings\p-112008-Motion to Exclude Testimony of Van
Blaricom Redacted.doc

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861  FAX: (206) 223-9423

reserved for attorneys in closing statement.

An expert may not give opinions as to legal conclusions and opinions on an ultimate issue of law. *Mukhtar v. Cal. State University Hayward*, 299 F.3d 1053, 1066, n. 10 (9th Cir. 2002). Instructing the jury as to the applicable law is the "distinct and exclusive province of the court." *United States v. Wietzenhoff*, 35 F.3d 1275 (9th Cir. 1993).

Van Blaricom's opinions will be addressed in turn.

1. Officer Clift did not have "probable cause" to believe he was in imminent danger of serious death or injury.

This is a legal opinion. In particular "probable cause" is a legal conclusion and should be disregarded. *Berry v. City of Detroit*, 25 F.3d 1342 (6th Cir. 1994) (court excludes expert testimony that is legal conclusion and cautions against "liability experts" use of conclusory condemnation of officer's actions which "merely" tells jury what result to reach.) In addition, this is impermissible testimony on an ultimate legal issue in the case. *Specht v. Jensen*, 853 F.2d 805 (1988) ("[W]hen the purpose of [expert] testimony is to direct the jury's understanding of the legal standards upon which their verdict must be based, the testimony cannot be allowed. In no instance can a witness be permitted to define the law of the case.")

2. Officer Clift's actions constituted an "objectively unreasonable" use of excessive force.

This testimony is objectionable because it is a legal conclusion. *Hygh v. Jacobs*, 961 F.2d 359, 364 (2nd Cir. 1992) (Expert's testimony that force used was not "justified" and not "warranted" was improper legal conclusion that "merely told the jury what result to reach.") *Griffin v. City of Clinton*, 932 F.Supp. 1357 (M.D. Ala. 1996) (expert's opinion that force used was "unnecessary and unreasonable" mere legal conclusions properly

DFTS' MOTION TO EXCLUDE VAN BLARICOM
TESTIMONY - 9
Cause No. C05-1154
K:\SLT\wcia03107\Pleadings\p-112008-Motion to Exclude Testimony of Van
Blaricom Redacted.doc

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861  FAX: (206) 223-9423

stricken).   In addition, this opinion is simply directing the jury as to an outcome.   *See*

*Specht v. Jensen*, *supra*.

           3.   Clift's description of the events is contradicted by the physical evidence.

This testimony is nothing more than a credibility determination and is improper.

*Nimely v. City of New York*, *supra*, at 398.

           4.   Clift's "real purpose" in shooting was merely to prevent the escape of
               two people in a stolen vehicle.

This testimony is improper, should be stricken because it is speculative and without

foundation.  Van Blaricom is not an expert on subjective intent.  Further, Clift's subjective

intent is not relevant because the objective reasonableness of his acts is what must be

considered.  *Graham v. Conner*, 490 U.S. 386, 397 (1989).

           5.   No officer could reasonably believe that the shooting of the Plaintiff was
               justifiable and/or permissible.

This testimony is a legal conclusion and otherwise improper.  *Hygh v. Jacobs*, 961

F.2d 359, 364 (2nd Cir. 1992).

           6.   The shooting was not investigated to a "reasonable standard of care"
               including that the investigator failed to ask the "tough questions."

This testimony should be stricken because it is improper for several reasons.  First,

Van Blaricom does not demonstrate a standard of care.  Second, he does not demonstrate

that the "tough questions" is a standard of care adhered to by the Kent Police Department

or any other department in the State of Washington.  *Tempkin v. Frederick Count Comm'rs*,

945 F.2d 716 (4th Cir. 1991) (plaintiff's expert's opinions stricken because it did not adhere

to a legally recognized standard.)

In addition, the two "standards of care" that Van Blaricom relies upon (and that are

attached to his declaration)[2] are irrelevant because there is no proof they have been adopted by the Washington state legislature, any administrative agency having authority to regulate police practices or by the Washington Supreme Court.  Cf. *Poe v. Leonard*, 282 F.3d 123, 145-46 (2nd Cir. 2002); *Hunt v. County of Whitman*, 2006 U.S. Dist. LEXIS 51216, at 6.

       7.   The Chief of Police ratified alleged misconduct.

"Ratification" is a legal conclusion.  And once again Van Blaricom does nothing more than state an opinion on an ultimate issue of law without only exploration upon which his conclusion is based.  He simply tells the jury what result to reach.  *Specht v. Jensen*, 853 F.2d 805, 808.

       8.   Kent Police Department failed to require a fitness for duty examination for Officer Clift prior to the shooting at issue.



      d.   <u>Van Blaricom's testimony is more prejudicial than probative.</u>

FRE 403 allows expert testimony to be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or

---

[2] National Law Enforcement Policy Center (NLEPC): 1) Use of Force, 2) Investigation of Officer-Involved Shootings.  These policies do not, in any event, create a constitutional threshold.

DFTS' MOTION TO EXCLUDE VAN BLARICOM
TESTIMONY - 11
Cause No. C05-1154
K:\SLT\wcia03107\Pleadings\p-112008-Motion to Exclude Testimony of Van
Blaricom Redacted.doc

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861  FAX: (206) 223-9423

misleading the jury."  The *Daubert* decision discussed Rule 403's role in the scrutiny of expert testimony because of the weight a jury may place on that testimony.  *Daubert*, 509 U.S. at 595 ("Expert evidence can be powerful and quite misleading because of the difficulty in evaluating it.  Because of this risk, the judge in weighing possible prejudice against probative force under Rule 403 of the present rule exercises more control over experts than over lay witnesses.")  Under Rule 403, expert testimony may be excluded if it would unduly influence the jury in areas that the jury is well equipped to evaluate without expert assistance.  *United States v. Lundy*, 809 F.2d 392, 396 (7th Cir. 1987).

Telling the jury what result to reach, which Van Blaricom is happy to do, is improper and prejudicial.  His conclusory opinions and legal opinions are likewise prejudicial.  Van Blaricom's testimony should be excluded under FRE 403.

## 2.    <u>Van Blaricom is Not an Expert Regarding "Psychomotor" Issues.</u>

In his deposition, Van Blaricom was critical of defense expert Joe Fountain's opinions concerning human performance issues during officer involved shootings.  Van Blaricom referred to these issues as "psychomotor" issues.  Van Blaricom is, by his own admission, not qualified on psychomotor issues and should be precluded from stating opinions on these issues.

RESPECTFULLY submitted this 20th day of November 2008.

KEATING, BUCKLIN & McCORMACK, INC., P.S.

/s/ Steven L. Thorsrud
Mary Ann McConaughy, WSBA #8406
Steven L. Thorsrud WSBA #12861
Attorney for Defendants
800 Fifth Avenue, Suite 4141
Seattle, WA  98104-3175
(206) 623-8861      (206) 223-9423 Facsimile
sthorsrud@kbmlawyers.com

DFTS' MOTION TO EXCLUDE VAN BLARICOM
TESTIMONY - 12
Cause No. C05-1154
K:\SLT\wcia03107\Pleadings\p-112008-Motion to Exclude Testimony of Van
Blaricom Redacted.doc