HON. JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NICOMEDES TUBAR, III,<br><br>    Plaintiff,<br><br>v.<br><br>JASON CLIFT; and THE CITY OF KENT, WASHINGTON, a municipal corporation,<br><br>    Defendants. | No. C05-1154 JCC<br><br>PLAINTIFF'S RESPONSE TO MOTION TO EXCLUDE THE TESTIMONY OF DONALD VAN BLARICOM<br><br>**Noted for: Friday, December 5, 2008** |

The defendants have moved to preclude plaintiff's police practices expert, former Bellevue Police Chief Donald Van Blaricom, from testifying at trial. This motion takes an *ad hominem* approach, attacking Mr. Van Blaricom with selected and unfairly characterized citations to court decisions limiting or disagreeing with his testimony.

Judge Ricardo Martinez recently rejected a similar personal attack on Mr. Van Blaricom made by defense counsel's law firm. In doing so he said:

> Mr. Van Blaricom[] ...has testified as an expert regarding alleged police liability in over 1,400 lawsuits. ... He also previously served 29 years as a police-officer, including 11 of those years as Chief of Police in Bellevue, Washington. ...Furthermore, given his experience, he intends to testify about the use of force used in this particular case. Coupled with his training and background as a police-

PL'S RESP. TO MOT. TO EXCLUDE VAN BLARICOM - 1
USDC WDW No.C05-1154 JCC

MacDONALD HOAGUE & BAYLESS
1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1745
(206) 622-1604
FAX: (206) 343-3961

officer, the Court finds that his testimony is both relevant and reliable under the liberal standard set forth in *Daubert*.

Nevertheless, Defendants indicate that Mr. Van Blaricom's legal opinions have been previously ignored in at least three different cases and should likewise be ignored here. *See Billington v. Smith, et. al.*, 292 F.3d 1177, 1182-83 (9th Cir. 2002); *Goldsmith v. Snohomish County*, 558 F.Supp.2d 1140, 1151 (W.D.Wash. 2008); *Gonzales v. Pierce County*, 2005 WL 2088367 (W.D.Wash.2005). However, in *Billington* and *Goldsmith*, the courts did not completely exclude Mr. Van Blaricom's testimony. Rather, they attached little or no weight to his testimony. The Court adopts this reasoning, and finds that it is not the province of the Court at this stage to determine how effective Mr. Van Blaricom's testimony may or may not be. His credibility and his opinions shall be weighed by the jury.

*Bonner v. Normandy Park*, 2008 WL 4766822 (U.S.D.Ct. W.D.Wash. October 29, 2008).

It should be no surprise that in the course of over 1,400 lawsuits, judges have on occasion criticized or disagreed with aspects of Mr. Van Blaricom's expert testimony. Despite defendants' effort to equate such criticism with exclusion from evidence, as Judge Martinez noted in the *Bonner* case, in most of the cases the defendants cite the courts did not exclude the testimony but simply found that it was inadequately supported or that the standards he described did not establish a constitutional minimum.[1] In many other cases, the courts have not only accepted Mr. Van Blaricom's testimony on issues similar to those he addresses here, but have held that his expert opinions were not only admissible but sufficient to raise a question of fact

---

[1] *See, e.g, Goldsmith v. Snohomish County*, 558 F.Supp.2d 1140, ---- (W.D.Wash. 2008), *Peterson v. City of Federal Way*, 2007 WL 2110336, 7 (U.S.D.Ct. W.D.Wash. 2007) (holding that although Van Blaricom's declaration followed "IACP National Law Enforcement Center's Model Policy for Law Enforcement Canines" those did not establish a constitutional minimum); *Van Velkinburgh v. Wulick*, 2008 WL 3875428, 4 -5 (U.S.D.Ct. W.D.Wash. 2008) (accepting his testimony but holding that his "difference of opinion with the Deputies' use of the Taser under the circumstances is one of degree ...."); *Logan v. City of Pullman Police Dept. et al.*, 2006 WL 120031, 3 (E.D. Wash. No. CS 04-0214-FVS (finding his opinion regarding whether a municipal policy caused constitutional violation insufficiently supported); *Kanae v. Hodson* 294 F.Supp.2d 1179, 1188 (D.Hawai'i,2003) (finding his interpretation of a witness statement "questionable"); *Donaldson v. City of Seattle* 65 Wash.App. 661, 670, 831 P.2d 1098, 1103 (1992) (disagreeing with Van Blaricom's opinion that officers had probable cause to arrest); *Keates v. City of Vancouver* 73 Wash.App. 257, 265, 869 P.2d 88 (1994) (holding his "statement that the conduct was "callously outrageous"" was a "legal conclusion" insufficient to support a state law outrage claim); *McBride v. Walla Walla County* 95 Wash.App. 33, 37, 975 P.2d 1029 (1999) (holding as an alternative ground that his expert declaration was properly excluded "because it contained conclusory assertions rather than factual allegations").

PL'S RESP. TO MOT. TO EXCLUDE VAN BLARICOM - 2
USDC WDW No.C05-1154 JCC

MacDONALD HOAGUE & BAYLESS
1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1745
(206) 622-1604
FAX: (206) 343-3961

precluding summary judgment.[2] Other courts have expressly rejected challenges to the admissibility of his testimony on such issues.[3] Notably, one of those latter courts was the Ninth Circuit, which in a leading section 1983 decision in a case from this District rejected an argument that Mr. Van Blaricom should not have been permitted to testify on municipal liability issues very similar to those addressed in his testimony here. *Davis v. Mason County*, 927 F.2d 1473 (9th Cir.1991).

> [Defendant] objected to plaintiffs' police expert, Donald Van Blaricom, because he testified that Sheriff Stairs was reckless in his failure to adequately train his deputies, and that there was a causal link between this recklessness and plaintiffs' injuries. They contend that this was improper opinion testimony on a question of law. This argument is without merit. Fed.R.Evid. 704 allows expert witnesses to express an opinion on an ultimate issue to be decided by the jury. Moreover, Fed.R.Evid. 702 permits expert testimony comparing the conduct of parties to the industry standard. The trial court did not abuse its discretion in admitting Van Blaricom's testimony.

927 F.2d at 1484-85.

---

[2] *Stiffarm v. City of Pullman Police Dept.* 2007 WL 870343, 3 -4 (E.D.Wash.2007) (finding "the City has not argued any facts that would give the Court a basis to question the testimony" of Chief Van Blaricom; *Armstrong v. County of Kitsap* 2006 WL 3192518, 4, 8 (U.S.D.Ct. W.D.Wash. 2006) (denying summary judgment on both individual officer and municipal liability based in part on Van Blaricom's opinions); *Richards v. Janis*, 2007 WL 3046252, 4 (E.D.Wash.) (E.D.Wash. 2007) (relying on his testimony that under National Law Enforcement Policy Center's Model Policy on Electronic Control Weapons officer used "objectively unreasonable excessive force."); *Kerns v. U.S.* 2007 WL 552227, 12 (U.S.D.Ct. D.Ariz.2007) (accepting testimony of "D.P. Van Blaricom, a credible and impressive expert in police investigative practices" regarding standard of care for police identification); *Saviour v. City of Kansas City* 1992 WL 135019, 5 (U.S.D.Ct. D.Kan. 1992) (denying summary judgment in part because of his "expert testimony to aid the jury in putting the [challenged police] practice in context"); *City of Robstown v. Ramirez*, 17 S.W.3d 268, 274 (Tex.App 2000) (relying on his opinion regarding validity of search); *Kessler v. Barowsky*, 129 Idaho 647, 653, 931 P.2d 641 (1997) (holding Van Blaricom's testimony that continuing shooting by police "was no longer objectively reasonable to do so and ... caused Bobbie's death" created triable issue of fact); *Noakes v. City of Seattle*, 77 Wash.App. 694, 699, 895 P.2d 842 (1995) (holding that his declaration regarding police duty to plaintiff precluded summary judgment).

[3] *See, e.g., Estate of Bojcic v. City of San Jose* 2007 WL 3314008, 1 (U.S.D.Ct. N.D.Cal. 2007) (admitting Van Blaricom's testimony that evidence was inconsistent with a conclusion that there was ever a significant threat of death or serious physical injury of officer who used deadly force) ; *Patric v. Visi* 2006 WL 5266759, 1 (U.S.D.Ct. W.D.Tex. 2006) (denying challenge to "Van Blaricom's ability to testify regarding probable cause"); *Adams v. Gillaspie* 2005 WL 2045878, 2 (U.S.D.Ct. W.D.Wash. 2005) (rejecting defense objections to his "opinions relating to police procedure and excessive force").

PL'S RESP. TO MOT. TO EXCLUDE VAN BLARICOM - 3
USDC WDW No.C05-1154 JCC

MacDONALD HOAGUE & BAYLESS
1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1745
(206) 622-1604
FAX: (206) 343-3961

Moreover, in this case, this Court and the Court of Appeals have already heard and implicitly rejected similar arguments against Mr. Van Blaricom's testimony made by the defendants at the summary judgment stage. *See* Dkt. 156 at 4, 8-9; Dkt. 179-2 at 6. The defendants have presented no reason to reconsider or overturn those rulings.

## FACTS RELEVANT TO MOTION

The defendants base their motion on a one page caricature of the opinions Mr. Van Blaricom has offered in this case. Def. MIL Re: Van Blaricom at 1-2. Notably, this supposed summary of the objectionable opinions is supported only by a single citation to one quote from Mr. Van Blaricom's reports or testimony. *Id.* at 2 (citing Dkt. 234 at 14).

Interestingly, that citation involves Mr. Van Blaricom's disagreement with Auburn Police Investigator Randey Clark regarding Officer Clift's claimed justifications for the shooting. *Ibid.* That choice is interesting because of the fact—unmentioned anywhere in the defense motion— Det. Clark has conceded that Mr. Van Blaricom's analysis of the physical evidence to determine the order in which the shots were fired was correct, and that Det. Clark's own analysis was incorrect in that it had the first two shots in the wrong order. *See* Dkt. 200 ¶ 14g; Dkt. 79 at 5 n.5. Even the defendants' expert witness, John Hunter, agrees with Mr. Van Blaricom about this crucial physical fact. *See e.g.*, Dkt. 78-19 at 3.[4] A fair review of Mr. Van Blaricom's full report and deposition testimony will show that the defendants' representations of his opinions are unfair and incomplete. In fact, those opinions are well-supported and properly based on an extensive review of the investigative findings and the testimony of the witnesses and investigators expertise born of a lengthy and distinguished law enforcement and administrative career. *See*

---

[4] The defense highlighting of Mr. Van Blaricom's disagreement with Det. Clark's conclusions is particularly ironic in light of the fact that those same defense experts have now said Det. Clark (and every other witness in the case) is wrong about another crucially important physical fact about this shooting—the location from which the shots was fired, as indicated by the spent cartridges and Det. Clark's cartridge distribution studies. *See* Pl. MIL Re: Lewinski, Dkt. 253 at 4.

PL'S RESP. TO MOT. TO EXCLUDE VAN BLARICOM - 4
USDC WDW No.C05-1154 JCC

MacDONALD HOAGUE & BAYLESS
1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1745
(206) 622-1604
FAX: (206) 343-3961

Van Blaricom Report, Dkt. 200 (sealed), Dkt. 234 (redacted) at Ex. A; *see also* Van Blaricom Dep (Exhibit 1, filed herewith[5]) at 4-24. The defendants' broadside against Mr. Van Blaricom provides no good legal reason to exclude his testimony in this case, and their specific objections have little more merit.

## ARGUMENT

This Court has had recent occasion to review and apply the law governing the admission of expert testimony under Fed.R.Evid. 702 and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). Its decisions on those occasions included the following succinct summary of that governing law:

> An expert witness may testify at trial if such expert's "specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue[.]" Fed.R.Evid. 702. Such witness must be "qualified as an expert by knowledge, skill, experience, training, or education" and may testify "if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." *Id.* Expert testimony is liberally admitted under the Federal Rules. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 588, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) (noting that Rule 702 is part of the "liberal thrust of the Federal Rules and their general approach of relaxing the traditional barriers to opinion testimony") (internal quotations omitted). However, the "trial judge must ensure that any and all scientific testimony [or any other expert testimony] or evidence admitted is not only relevant, but reliable." *Id.* at 589; *see also Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999) (extending *Daubert's* requirements of relevance and reliability to non-scientific testimony). That said, "a trial court not only has broad latitude in determining whether an expert's testimony is reliable, but also in deciding how to determine the testimony's reliability." *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1017 (9th Cir.2004) (internal citations omitted) (emphasis in original). "Concerning the reliability of non-scientific testimony ..., the *Daubert* factors (peer review, publication, potential error rate, etc.) simply are not applicable to this kind of testimony, whose reliability depends heavily on the knowledge and experience of the expert, rather than the methodology or theory behind it." *Id.* (internal citation omitted) (emphasis in original). The trial court's gatekeeping role under *Daubert*

---

[5] The Exhibits cited in this Memorandum are attached to the to the Declaration of Timothy Ford submitted in its support.

PL'S RESP. TO MOT. TO EXCLUDE VAN BLARICOM - 5
USDC WDW No.C05-1154 JCC

MacDONALD HOAGUE & BAYLESS
1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1745
(206) 622-1604
FAX: (206) 343-3961

is satisfied, even without a formal hearing, by the court's probing of the expert's knowledge and experience. *Id.* at 1018.

*Veritas Operating Corp. v. Microsoft Corp.* 2008 WL 687118, 2 (W.D.Wash.,2008)

> The trial court, however, must be careful to avoid supplanting the adversary system or the role of the jury: "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Id.* at 596. See also Advisory Committee Notes to the 2000 Amendments to Rule 702 ("[R]ejection of expert testimony is the exception rather than the rule.... [T]his amendment is not intended to provide an excuse for an automatic challenge to the testimony of every expert."). The district court's decision whether to admit proposed expert testimony is reviewed for abuse of discretion, and the Court of Appeals will only reverse if it is "left with a definite and firm conviction that the district court committed a clear error of judgment in admitting" the testimony. *Clausen v. M/V New Carissa,* 339 F.3d 1049, 1055 (9th Cir. 2003).

*Thompson v. Whirlpool Corp.* 2008 WL 2063549, 3 (W.D.Wash. 2008). "The *Daubert* factors and scientific methodology require that an opinion be testable, not that it necessarily be tested. While the plaintiffs place themselves at risk of strong cross-examination, the underlying explanation is not flawed for failure to test an explanation[.]" *Id* at 5 (quoting *Martin v. Shell Oil Co.,* 180 F.Supp.2d 313, 319 (D.Conn. 2002)).

Under these principles, fairly viewed, the defendants' criticisms of Mr. Van Blaricom's testimony are at most, cross examination points. They provide no good reason to preclude that testimony or to limit it significantly.

I.  **MR. VAN BLARICOM'S TESTIMONY IS ADEQUATELY EXPLAINED.**

The defendants' first objection is that Mr. Van Blaricom's opinions on some or all of the issues his testimony addresses is nothing more than "*ipsi dixit*".

"*Ipsi dixit*" means a "bare assertion resting on the authority of an individual." BLACK'S LAW DICTIONARY 961 (4th ed. 1968).

*United States v. Barnes*, 295 F.3d 1354, 1362 (D.C. Cir. 2002). Oddly, for the proposition that Mr. Van Blaricom's opinions rest only on his say-so, the defendants offer little other than—their

PL'S RESP. TO MOT. TO EXCLUDE VAN BLARICOM - 6
USDC WDW No.C05-1154 JCC

MacDONALD HOAGUE & BAYLESS
1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1745
(206) 622-1604
FAX: (206) 343-3961

own say-so. Defendants say "Van Blaricom's opinions simply discount or ignore Officer Clift's and Det. Clark's statements." Def. MIL re: Van Blaricom at 5.[6] But Mr. Van Blaricom's Report explains at length what he credits about Officer Clift's report and what he does not, and why, and delineates his reasons for disagreeing with Det. Clark, where he does. See Dkt. 200 at 10-13, 15-16. Mr. Van Blaricom went into even more detail on this in his deposition. Ex. 1 at 37-42, 47-51.

Similarly, defendants say that Mr. Van Blaricom "does not point to any standards that have been adopted in the state of Washington or by the Kent police department." Def. MIL re Van Blaricom at 5-6. But in fact Mr. Van Blaricom's report and testimony included reference to accepted and published industry standards on several points, and to Kent policies on several others. See Exhibit 200 at 6, 9, 14 and Exs. D and H 8-11 (citing and attaching National Law Enforcement Policy Center Standards on Use of Force and Investigation of Officer Involved Shootings, Ex. 1 at 46).

The defense claim that Mr. Van Blaricom "does little more than tell the jury which result to reach" (Def. MIL re Van Blaricom at 8) is similarly belied by a look at his actual declaration, which details reasons for each opinion he expresses, reasons drawn from and tied to extensive experience that few jurors are likely to share. See Dkt. 200 at 6-18.

---

[6] Notably, Mr. Van Blaricom relies on Officer Clift's statements, contemporaneously recorded, along with physical evidence, to reach the minor premise of his conclusion about whether a reasonable officer could believe the shooting was justified: the premise that Officer Clift's "real purpose" in firing the shots was the very purpose he expressed at the time, to apprehend the suspects in an auto theft. See Dkt. 200 at 9-12. Defendants of course know that purpose is unconstitutional and want to disavow Officer Clift's admissions about it, so they object to Mr. Van Blaricom's statement that he believes what Officer Clift said on this as "speculative and without foundation." Def. MIL Van Blaricom at 10.

PL'S RESP. TO MOT. TO EXCLUDE VAN BLARICOM - 7
USDC WDW No.C05-1154 JCC

MacDONALD HOAGUE & BAYLESS
1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1745
(206) 622-1604
FAX: (206) 343-3961

## II. MR. VAN BLARICOM'S TESTIMONY USES TERMINOLOGY FAMILIAR TO LAW ENFORCEMENT BUT DOES NOT INCLUDE LEGAL OPINIONS.

In one of the many paragraphs of Mr. Van Blaricom's report and declaration that the defendants ignore, he states:

> My use of certain terms (i.e. - "reasonable suspicion", "probable cause", "objectively reasonable", "deliberately indifferent", etc.) merely reflects my training, in applying reasonable standards of care to officers' conduct, and does not presume or imply a statement of any legal opinion.

Dkt. 200 ¶ 10. Defendants nonetheless object that the declaration includes references to "probable cause," "objectively unreasonable," what an "officer could reasonably believe," whether the shooting was investigated to a "reasonable standard of care, " and whether the Chief of Police "ratified" Officer Clift's unconstitutional conduct. Def. MIL re Van Blaricom at 9-11. All of these are phrases that are commonly used by police and police administrators as well as lawyers, and (with the possible exception of the last of them, "ratified") none of them are issues the jury will be asked to pass upon here.[7]

There is no absolute prohibition on experts using legal terms that are also lay terms that match the issues before the jury. "It is well established, however, that expert testimony concerning the ultimate is not per se improper ... However, an expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law." *Muhktar v. California State University, Hayward*, 229 F.3d 1053, 1065 n. 10 (9th Cir.2002). Nothing in Mr. Van Blaricom's proposed testimony comes close to an attempt to "direct the jury's understanding of the legal standards" governing its decision or "to define the law of the case." Def. MIL Van Blaricom at 9 (quoting *Specht v. Jensen*, 853 F.2d 805 (10th Cir. 1988)). It is

---

[7] The statement about what an officer "could reasonably believe" about the lawfulness of Officer Clift's actions was, of course, directed to the question of qualified immunity, which has been resolved by the court's summary judgment order and the affirmance on appeal.

PL'S RESP. TO MOT. TO EXCLUDE VAN BLARICOM - 8
USDC WDW No.C05-1154 JCC

MacDONALD HOAGUE & BAYLESS
1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1745
(206) 622-1604
FAX: (206) 343-3961

well established that experts can speak to the main legal question at issue here: whether force used in a seizure was unreasonable or justified.

> As a general proposition, the "objective reasonableness" standard may be comprehensible to a lay juror. On the other hand, any "objective" test implies the existence of a standard of conduct, and, where the standard is not defined by the generic-a reasonable *person*-but rather by the specific-a reasonable *officer*-it is more likely that Rule 702's line between common and specialized knowledge has been crossed.
>
> The district court seems to have deduced a blanket rule that expert testimony is generally inappropriate in excessive force cases from *Wells v. Smith,* 778 F.Supp. 7 (D.Md.1991). To the contrary, expert testimony has often been admitted in such cases. *Davis v. Mason County,* 927 F.2d 1473, 1484-1485 (9th Cir.), *cert. denied,* 502 U.S. 899, 112 S.Ct. 275, 116 L.Ed.2d 227 (1991); *Samples v. City of Atlanta,* 916 F.2d 1548, 1551-1552 (11th Cir.1991); *Kerr v. City of West Palm Beach,* 875 F.2d 1546, 1551 (11th Cir.1989) (expert testimony concerning expected dog bite ratios in canine units); *Kladis v. Brezek,* 823 F.2d 1014 (7th Cir.1987). Nonetheless, a blanket rule that expert testimony is generally admissible in excessive force cases would be just as wrong as a blanket rule that it is not.

*Kopf v. Skyrm,* 993 F.2d 374, 378 (4th Cir. 1993). Similarly, it has been held permissible for an "expert witness, armed with both many years of practical police experience and empirical data on police department procedures and operations" nationwide and in the specific community, to "testif[y] that, had he been in [the police chief's] shoes, he would have disciplined the individual officers and would have established new procedures for averting the reoccurrence of similar excesses in the future." *Larez v. City of Los Angeles,* 946 F.2d 630, 646 (9th Cir. 1991)

Because ratification is likely to be a central and dispositive issue at trial, plaintiff agrees that it would be proper to enter an order in limine prohibiting the use of that term to describe the Kent policymakers' actions following the Tubar shooting. But otherwise, there is no reason to ban the use of the other terms the defense objects to.

PL'S RESP. TO MOT. TO EXCLUDE VAN BLARICOM - 9
USDC WDW No.C05-1154 JCC

MacDONALD HOAGUE & BAYLESS
1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1745
(206) 622-1604
FAX: (206) 343-3961

III. **THE EXPERTS IN THIS CASE WILL ALL NECESSARILY BE TESTIFYING ON THE CONSISTENCY BETWEEN THE PHYSICAL EVIDENCE AND OFFICER CLIFT'S DESCRIPTION OF THE EVENTS.**

The defendants' objection to Mr. Van Blaricom's opinion that Officer Clift's "description of the events is absolutely contradicted by the physical evidence" is hard to understand in light of the fact that the defense is calling at least five witnesses (Det. Clark, Det. Crouch, Chief Curtwright, Trooper Hunter and now Dr. Lewinski) to testify on the exact same subject, the opposite way. *See* Dkts. 33, 34, 83, 86, 254-5. Obviously, testimony about physical evidence that arguably is or is not consistent with Officer Clift's description of the events, or the plaintiffs', is at the heart of this case. Mr. Van Blaricom has longer experience than any other witness in the case in reviewing shootings with an eye toward whether the evidence is consistent with the reports of those involved, and is plainly capable of giving opinion testimony on that subject.

Unlike these other witnesses, Mr. Van Blaricom also has good reason to express his opinion not just on the relevance of particular items of evidence, but on whether the evidence in its totality is consistent or inconsistent with Officer Clift's story: he is testifying on municipal as well as individual liability. A central issue relevant to the municipal liability claim is what the Kent policymakers knew or should have known about the shooting from the physical evidence, and whether their response to the shooting (or lack thereof) showed deliberate indifference to whether a constitutional violation had occurred. *See* Plaintiffs Mem. Opp. Kent S.J. (Dkt. 232-2) at 14-18. Mr. Van Blaricom's references to the discrepancies between the physical evidence and the description of the events from Officer Clift they so uncritically accepted are all keyed to that issue. See Dkt. 200 at 11:24, 12:14, 13:1, 15:10.

PL'S RESP. TO MOT. TO EXCLUDE VAN BLARICOM - 10
USDC WDW No.C05-1154 JCC

MacDONALD HOAGUE & BAYLESS
1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1745
(206) 622-1604
FAX: (206) 343-3961

It is hard to see what appreciable prejudice could result from testimony by an expert that he believes the overall physical evidence contradicts one version of the events, when the trial is going to be full of expert testimony about items of evidence and which versions they support or contradict. But even if there were some, it is outweighed by the probative value of supporting this simple point: an administrator reviewing this incident who truly cared about whether his officer had wrongly shot someone could not miss the contradictions between what Officer Clift says happened here and what the physical evidence shows. Mr. Van Blaricom has spent years sitting in the position of such an administrator making such reviews. There is no reason the jury should not hear his opinion on what someone in that position should perceive.

IV. **MR. VAN BLARICOM HAS A SOUND BASIS FOR STATING THAT KENT DID NOT HAVE OFFICER CLIFT EVALUATED FOR FITNESS FOR DUTY AND DID NOT INFORM THE EXAMINING PSYCHOLOGIST OF HIS SITUATION.**



PL'S RESP. TO MOT. TO EXCLUDE VAN BLARICOM - 11
USDC WDW No.C05-1154 JCC

MacDONALD HOAGUE & BAYLESS
1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1745
(206) 622-1604
FAX: (206) 343-3961



V. **MR. VAN BLARICOM HAS GIVEN NO OPINIONS USING THE WORD "PSYCHOMOTOR".**

The defendants' parting shot, asking that Mr. Van Blaricom be precluded from using the word "psychomotor" is puzzling. Neither of his reports use that word. *See* Dkt. 200; Ex. 2. It comes up in his deposition only once, when he says another police officer expert is unqualified to testify on such subjects, and says clearly that he is not, either. Ex. 1 at 70-71. The defense request to preclude use of that word is frivolous.

## CONCLUSION

The motion *in limine* should be denied.

DATED this ____ day of December, 2008.

Respectfully submitted,

MacDONALD HOAGUE & BAYLESS

By_____
Timothy K. Ford, WSBA #5986
Joseph R. Shaeffer, WSBA #33273
Attorneys for Plaintiff

PL'S RESP. TO MOT. TO EXCLUDE VAN BLARICOM - 12
USDC WDW No.C05-1154 JCC

MacDONALD HOAGUE & BAYLESS
1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1745
(206) 622-1604
FAX: (206) 343-3961

## CERTIFICATE OF SERVICE

I hereby certify that on the ___1st___ day of December, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to:

Steven L. Thorsrud             sthorsrud@kbmlawyers.com
Mary Ann McConaughy            mmcconaughy@kbmlawyers.com

_____
Linda M. Thiel, Legal Assistant

PL'S RESP. TO MOT. TO EXCLUDE VAN BLARICOM - 13
USDC WDW No.C05-1154 JCC

MacDONALD HOAGUE & BAYLESS
1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1745
(206) 622-1604
FAX: (206) 343-3961