UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NICOMEDES TUBAR, III,

    Plaintiff,

v.

JASON CLIFT; and THE CITY OF KENT, WASHINGTON, a municipal corporation,

    Defendants.

CASE NO. C05-1154-JCC

ORDER

This matter comes before the Court on Defendants' Motion to Bifurcate Trial of Clift's Liability From Municipal Liability (Dkt. No. 243), Plaintiff's Response (Dkt. No. 273), and Defendants' Reply (Dkt. No. 277). Having considered the submissions of the parties, the Court finds and rules as follows.

## I. BACKGROUND

This is a civil rights lawsuit arising from a police shooting incident that occurred on June 26, 2003. Plaintiff brings this action against Officer Jason Clift in his individual capacity and the City of Kent (the "City"), alleging that his civil rights were violated when he was shot while riding as a passenger in a stolen vehicle. The case is set for jury trial on May 18, 2009.

ORDER – 1

## II. ANALYSIS

Defendants move the Court to bifurcate the trial into two parts, with the first phase limited to Officer Clift's individual liability and the second phase limited to Plaintiff's claims against the City.[1] (Mot. 1 (Dkt. No. 243).) Defendants assert that bifurcation is appropriate both because evidence that may be admissible against the City is highly prejudicial to Officer Clift and because a defense verdict in the first phase would obviate the need for the second phase. (*Id.* at 1–2.)

Motions for bifurcation are governed by Rule 42 of the Federal Rules of Civil Procedure, which provides:

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims.

FED. R. CIV. P. 42(b). "A defendant seeking bifurcation has the burden of presenting evidence that a separate trial is proper in light of the general principle that a single trial tends to lessen the delay, expense and inconvenience to all parties. *McCrae v. Pittsburgh Corning Corp.*, 97 F.R.D. 490, 492 (D.C. Pa. 1983). Generally, "the presumption is that all claims in a case will be resolved in a single trial, and 'it is only in exceptional circumstances where there are special and persuasive reasons for departing from this practice that distinct causes of action asserted in the same case may be made the subject of separate trials.'" *Jeanty v. County of Orange*, 379 F. Supp. 2d 533, 549 (S.D.N.Y. 2005) (*quoting Miller v. Am. Bonding Co.*, 257 U.S. 304, 307 (1921)). The decision whether to bifurcate a trial lies within the sound discretion of the trial court. *Jinro Am., Inc. v. Secure Invs., Inc.*, 266 F.3d 993, 998 (9th Cir. 2001).

Defendants have failed to meet their burden of demonstrating that bifurcation is warranted in this case. First, creating two separate trials would neither further convenience nor be conducive to "expedition and economy," and instead would result in unnecessary duplication. Bifurcation would

---

[1] In their Reply, Defendants "amend" their motion to include bifurcation with a second phase to include both municipal liability and punitive damages against Officer Clift. (Reply 2 (Dkt. No. 277).) Because this argument was not raised in Defendants' motion and raises a different set of issues, the Court will not address it.

ORDER – 2

require the Court to try two cases that are essentially the same except for additional evidence that may be admissible only against the City on Plaintiff's *Monell* claim. Plaintiff lists at least thirteen witnesses that would need to be called to testify both with regard to Officer Clift's liability and with regard to the City's *Monell* liability. (Resp. 5 (Dkt. No. 273).) Such extensive overlap in witness testimony does not further Rule 42(b)'s goals of efficiency and convenience. Moreover, because Plaintiff's negligent supervision claim against the City is not dependent on Officer Clift's liability, a second phase on that claim would likely be necessary regardless of the disposition in the first phase. Bifurcation may therefore increase the amount of trial time. The additional time, effort, and cost involved for the Court, the jury, and the parties of conducting a second trial are significant considerations.

Second, although a single trial creates the potential that Officer Clift may be prejudiced by evidence admissible on municipal liability, any such prejudice could be cured by carefully crafted limiting instructions and the use of a special verdict form. These tools are a less burdensome option than creating two separate trials. *See, e.g., Jeanty*, 379 F. Supp. 2d at 551–52. In sum, the Court is convinced that the balance of the Rule 42(b) factors—convenience, prejudice, and economy—weighs in favor of a single trial. The inefficiency and inconvenience on the Court, the jury, and Plaintiff created by two separate trials outweighs the possibility of prejudice from a single trial. Absent compelling justifications, *see Miller*, 257 U.S. at 307, the Court declines to bifurcate this case into two separate trials.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Bifurcate (Dkt. No. 243) is hereby DENIED.

SO ORDERED this 19th day of February, 2009.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER – 3