Hon. John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| NICOMEDES TUBAR III,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>JASON CLIFT; and THE CITY OF KENT, WASHINGTON, a municipal corporation,<br><br>　　　　　　Defendants. | No. C05-1154 JCC<br><br>PLAINTIFF'S PROPOSED VERDICT FORM AND STATEMENTS REGARDING DEFENDANTS' VERDICT FORMS |

Plaintiff hereby respectfully submits the following:

1. Plaintiff's Proposed Verdict Form

2. Plaintiff's Proposing Statement Regarding His Proposed Verdict Form

3. Defendants' Opposing Statement

4. Plainitff's Statements Regarding Defendants' Proposed Verdict Forms

Respectfully submitted this 7th day of May, 2009.

　　　　　　　　　　　　　　MacDONALD HOAGUE & BAYLESS

　　　　　　　　　　　　　　By    /s/ Joseph R. Shaeffer
　　　　　　　　　　　　　　　　　Timothy K. Ford, WSBA #5986
　　　　　　　　　　　　　　　　　Joseph R. Shaeffer, WSBA #33273

　　　　　　　　　　　　　　ATTORNEYS FOR PLAINTIFF

PLAINTIFF'S PROPOSED VERDICT FORM AND STATEMENTS
REGARDING DEFENDANTS' VERDICT FORMS - 1

No. C05-1154 JCC

**MacDonald Hoague & Bayless**
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

HON. JOHN C. COUGHENOUR

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| NICOMEDES TUBAR III, | ) |
| Plaintiff, | ) No. C05-1154 JCC |
| v. | ) VERDICT |
| JASON CLIFT; and THE CITY OF KENT, WASHINGTON, a municipal corporation, | ) |
| Defendants. | ) |

We, the jury, answer the questions of the Court as follows:

Question 1: On June 26, 2003, was Nicomedes Tubar stopped or seized by Jason Clift in an unreasonable manner?

Answer: \_\_\_\_\_ Yes    \_\_\_\_\_ No

Question 2: Did the City of Kent, through its Police Chief Ed Crawford, ratify the unreasonable seizure of Nicomedes Tubar by Jason Clift?

Answer: \_\_\_\_\_ Yes    \_\_\_\_\_ No

Question 3: On June 26, 2003, was Nicomedes Tubar stopped or seized by Jason Clift in an unreasonable manner as a proximate result of a policy of inadequate training and supervision of police officers by the City of Kent?

Answer: _____ Yes    \_\_\_\_\_ No

Question 4: On June 26, 2003, was Nicomedes Tubar injured as a proximate result of the negligent supervision of Jason Clift by the City of Kent?

Answer: _____ Yes    _____ No

PLAINTIFF'S PROPOSED VERDICT FORM AND STATEMENTS
REGARDING DEFENDANTS' VERDICT FORMS - 2

No. C05-1154 JCC

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

If your answer to any of the above questions is "yes", please answer Question Number 5. If your answer to all of the above questions is "no," please do not answer any further questions, but sign and date the verdict.

Question 5. What amount of compensatory damages do you award to Nicomedes Tubar?

  Answer: $_____

If your answer to Question Number 1 above is "yes", please answer Question Number 6. If your answer to Question Number 1 is "no," please do not answer any further questions, but sign and date the verdict.

Question 6: In connection with the unreasonable seizure of Nicomedes Tubar, do you find that Officer Jason Clift's conduct was malicious, oppressive or in reckless disregard of the plaintiff's rights?

  Answer: \_\_\_\_\_ Yes   \_\_\_\_\_ No

If your answer to Question Number 6 is "yes", please answer Question Number 7.

Question 7: What amount of punitive damages, if any, do you award from Jason Clift?

  Answer: $_____

DATE: _____, 2009.

               _____
               FOREPERSON

PLAINTIFF'S PROPOSED VERDICT FORM AND STATEMENTS
REGARDING DEFENDANTS' VERDICT FORMS - 3

No. C05-1154 JCC

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

Plaintiff's Proposing Statement:

Plaintiff has used the phrase "stopped or seized" to avoid confusion about the meaning of the technical term "seizure." If the court clearly defines that term in other instructions, plaintiff does not object to removal of the words "stopped or" in these questions.

Plaintiff has no objection to removal of the word "proximate" from questions 3 and 4.

Plaintiff maintains that, if the defendant is permitted to offer its unusual "panic" defense—the claim that Officer Clift fired the first two shots in self defense and then could not stop himself even though any danger had passed—it is possible that the jury could conclude that there was an unreasonable seizure (because the third shot constituted unnecessary and excessive force) but Officer Clift did not act unreasonably (because his inability to stop shooting even though there was no remaining danger was "normal"). Therefore, plaintiff believes the municipal liability questions should be put even if there is a verdict in Officer Clift's favor on individual liability. In this way, the form will reflect whatever conclusions the jury reaches on this subject, and in the event of an apparent inconsistency, the court can rule on whether the verdict is contrary to law.

Plaintiff maintains that in light of Officer Clift's history of improper use of force, his knowingly dangerous and unreasonable actions leading up to this shooting, the ease with which he could have avoided any danger without firing any shots, the pause before the third shot, and his contradictory, inconsistent and incredible explanations of his conduct thereafter, the jury in this case could easily and properly award punitive damages.

Defendants' Opponents' Statement:

On Question 1, the phrase "stopped or seized" does not track language of the instructions, and is confusing. The same is true for Question 3.

PLAINTIFF'S PROPOSED VERDICT FORM AND STATEMENTS
REGARDING DEFENDANTS' VERDICT FORMS - 4

No. C05-1154 JCC

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

1    Questions 3 and 4 use the term "proximate result," which does not track the language of
2 the instructions.
3    In addition, if the answer to Question 1 is "No," the jury should be instructed to sign and
4 return the verdict form, or at least be told to skip to Question 4, which deals with the negligence
5 claim. This form is contrary to the law and to the "ratification" instruction, Model Instruction
6 9.6 (Defendants' (proposed) Instruction No. 23), and the "failure to train" instruction, Model
7 Instruction 9.7 (Defendants' (proposed) Instruction No. 24).
8    In other words, if the jury answers "No" to Question 1, it cannot find municipal liability
9 under Questions 2 and 3 as a matter of law. To establish municipal liability Plaintiff must first
10 establish individual liability. *Id.*
11    Finally, there is no evidence to support the punitive verdict form, so it should not be
12 given.

PLAINTIFF'S PROPOSED VERDICT FORM AND STATEMENTS
REGARDING DEFENDANTS' VERDICT FORMS - 5

No. C05-1154 JCC

**MacDonald Hoague & Bayless**
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

Plaintiff's Opposing Statement Regarding Defendants' Civil Rights Verdict Form (filed separately by Defendants):

Question 1 does not correctly reflect the law or jury instructions, which speak in terms of "unreasonable seizure" rather than "excessive force."  It also asks the jury to determine whether Officer Clift violated the plaintiffs' "constituitonal rights," without limitation or reference to the language in the instructions.  This question would permit the jury to find against the defendants if it found "excessive force" that was unconnected to the seizure, and would not permit the jury to find against the defendants if it found that, by running in the path of the car with pointed gun, Officer Clift made an unreasonable seizure that did not involve "excessive force."

The instructions following Question 1 instruct the jury to find for the defendants if they answer no to question 1, eliminating the possibility that the jury could find municipal liabililty even without individual liability, on the unusual facts of this case.

Question 2 is unnecessary and redundant.  If the jury finds Officer Clift used "excessive force" by shooting Mr. Tubar, it cannot rationally fail to find that Mr. Tubar suffered some injuries and damages, as he was shot.

Question 3 is out of place and its placement could mislead the jury into believing that only Officer Clift and not the City of Kent will be responsible for any compensatory damages awarded.

Question 4 is improperly limited to ratification and does not include plaintiff's Mondell/supervision theory of municipal liability.

The form is insufficient because it does not include any place for the jury to consider or return punitive damages.

PLAINTIFF'S PROPOSED VERDICT FORM AND STATEMENTS
REGARDING DEFENDANTS' VERDICT FORMS - 6

No. C05-1154 JCC

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

1    <u>Plaintiff's Opposing Statement Regarding Defendants' Verdict Form Regarding</u>

<u>Negligence (filed separately by Defendants)</u>:

Plaintiff objects to this form for many of the reasons stated above.

As indicated in Plaintiff's Trial Brief and arguments on jury instructions, in the event the court holds that plaintiff's Monell/supervision claim is adequate to go to the jury, and that evidence to support it may be admitted, plaintiff may withdraw his negligence claim as redundant and potentially confusing.

PLAINTIFF'S PROPOSED VERDICT FORM AND STATEMENTS
REGARDING DEFENDANTS' VERDICT FORMS - 7

No. C05-1154 JCC

**MacDonald Hoague & Bayless**
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961