1

2

3

4

5

6

7

8

9

10

11

12

13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NICOMEDES TUBAR, III,

Plaintiff,

v.

JASON CLIFT; and THE CITY OF KENT,
WASHINGTON, a municipal corporation,

Defendants.

CASE NO. C05-1154-JCC

MINUTE ORDER

14

15

16

17

18

19

20

21

22

23

24

25

26

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court on Defendants' Offer of Proof re: Dr. Lewinski Shell Casing Study (Dkt. No. 344). Defendants challenge the Court's determination that Dr. Lewinski, a police psychologist, is not qualified to offer an expert opinion as to the significance of spent casings at shooting scenes (*see* May 15, 2009, Order on Expert Testimony 13 (Dkt. No. 323).) As the Court previously noted, Dr. Lewinski's training and education are in social sciences, not physical sciences, and his limited involvement in a field study on spent casing ejection patterns does not qualify him as an expert on the topic. (*See id.*)

The spent casing study done by the police investigators in this case, using the same type of gun fired by Officer Clift, demonstrated a consistent pattern of spent casings ejecting to the back and right of the shooter, and landing within a specific distance range. These results were utilized by the police

MINUTE ORDER – 1

1  investigators, as well as experts and accident reconstructionists for both parties, to approximate Officer

2  Clift's location based upon the physical location of his spent casings at the scene, as recorded by the

3  Total Station. In fact, the spent casings from Officer Clift's gun are almost the only piece of physical

4  evidence at the scene that can approximate his location at the time he fired shots at the vehicle.[1]

5  Apparently, Defendants now believe that the location of those casings does not support their position at

6  trial, and seek to offer Dr. Lewinski's testimony to discredit the casing study done by police investigators,

7  which was previously relied upon by their *own* expert and reconstructionist.

8      Dr. Lewinski opines that "*any effort* at including the spent shell casings as an anchor point [for the

9  shooter's location] is fundamentally flawed," and that without a guarantee that the casings were not

10  disturbed, "the presence of a spent shell casing is *not helpful at all*." (Lewinski Suppl. Report 1–2 (Dkt.

11  No. 254-6 at 2) (emphasis added).) Dr. Lewinski's opinion invites the jury to speculate that Officer Clift's

12  spent casings were kicked or somehow moved, or alternatively, that Clift "manipulated" his gun in some

13  abnormal manner when he fired the three shots at the vehicle. There has been no such evidence.

14      The Court finds that Dr. Lewinski is not qualified to render an expert opinion on the subject of

15  spent casings. Even if Dr. Lewinski were qualified in this subject area, the Court finds that his opinion on

16  the significance of the location of the spent casings is not sufficiently relevant and reliable under *Daubert*

17  to be admissible as expert testimony. Accordingly, Defendants' offer is DENIED.

18      DATED this 29th day of May, 2009.

BRUCE RIFKIN, Clerk of Court

By  */s/ C. Ledesma*
      Deputy Clerk

---

[1] The angle at which each successively fired bullet struck the vehicle can also be analyzed, in conjunction with the location of the spent casings, to approximate Officer Clift's location when he fired the shots.

MINUTE ORDER – 2