HON. JOHN C. COUGHENOUR

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| NICOMEDES TUBAR III,<br><br>      Plaintiff,<br><br>v.<br><br><br>JASON CLIFT; and THE CITY OF KENT, WASHINGTON, a municipal corporation,<br><br>      Defendants. | Case No.  **C05-1154-JCC** |

## JURY INSTRUCTIONS

DATED: June 2, 2009.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

# TABLE OF CONTENTS

**Instruction**                                                    **Page**

1. DUTIES OF JURY.................................................................1

2. BURDEN OF PROOF—PREPONDERANCE OF THE
EVIDENCE.........................................................................2

3. TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS...............3

4. WHAT IS EVIDENCE............................................................4

5. WHAT IS NOT EVIDENCE.....................................................5

6. DIRECT AND CIRCUMSTANTIAL EVIDENCE.................................6

7. RULING ON OBJECTIONS......................................................7

8. CREDIBILITY OF WITNESSES................................................8

9. BENCH CONFERENCES AND RECESSES...........................................9

10. EXPERT OPINION.............................................................10

11. MUNICIPALITY—FAIR TREATMENT...........................................11

12. CLAIMS AND DEFENSES......................................................12

13. STIPULATIONS OF FACT.....................................................13

14. SECTION 1983 CLAIM—INTRODUCTORY INSTRUCTION..........14

15. SECTION 1983 CLAIM AGAINST INDIVIDUAL
DEFENDANT—ELEMENTS AND BURDEN OF PROOF......................15

16. PARTICULAR RIGHTS—FOURTH AMENDMENT—
UNREASONABLE SEIZURE OF PERSON—GENERALLY..................16

17. PARTICULAR RIGHTS—FOURTH AMENDMENT—
UNREASONABLE SEIZURE OF PERSON—EXCESSIVE
FORCE.................................................................................................18

18. SECTION 1983 CLAIM AGAINST LOCAL GOVERNING
BODY DEFENDANT—INTRODUCTION.................................................20

19. SECTION 1983 CLAIM AGAINST LOCAL GOVERNING
BODY DEFENDANT BASED ON RATIFICATION—
ELEMENTS AND BURDEN OF PROOF....................................................21

20. SECTION 1983 CLAIM AGAINST LOCAL GOVERNING
BODY DEFENDANTS BASED ON POLICY OF FAILURE TO
SUPERVISE AND/OR DISCIPLINE—ELEMENTS AND
BURDEN OF PROOF.............................................................................23

21. COMPENSATORY DAMAGES—BURDEN OF PROOF
AND MEASURE OF TYPES OF DAMAGES............................................25

22.  DAMAGES—MITIGATION..................................................................27

23. PUNITIVE DAMAGES.........................................................................28

24. DUTY TO DELIBERATE......................................................................30

25. COMMUNICATION WITH THE COURT...........................................31

26. RETURN OF VERDICT.......................................................................32

## INSTRUCTION NO. 1

## DUTIES OF JURY

Members of the jury, now that you have heard all the evidence and the arguments of the attorneys, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

## INSTRUCTION NO. 2

## BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## INSTRUCTION NO. 3

## TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS

You should decide the case as to each defendant separately. Unless otherwise stated, the instructions apply to all parties.

## INSTRUCTION NO. 4

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1.     the sworn testimony of any witness;

2.     the exhibits which are received into evidence; and

3.     any facts to which the lawyers have agreed.

# INSTRUCTION NO. 5

# WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, some testimony and exhibits have been received only for a limited purpose; when I have given a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## INSTRUCTION NO. 6

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

## INSTRUCTION NO. 7

## RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

## INSTRUCTION NO. 8

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case and any bias or prejudice;

(5)     whether other evidence contradicted the witness's testimony;

(6)     the reasonableness of the witness's testimony in light of all the evidence; and

(7)     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

8

## INSTRUCTION NO. 9

## BENCH CONFERENCES AND RECESSES

From time to time during the trial, it became necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury was present in the courtroom, or by calling a recess. Please understand that while you were waiting, we were working. The purpose of these conferences was not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we have done what we could to keep the number and length of these conferences to a minimum. I did not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

# INSTRUCTION  NO. 10

## EXPERT OPINION

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

## INSTRUCTION NO. 11

## MUNICIPALITY—FAIR TREATMENT

All parties are equal before the law and a municipality is entitled to the same fair and conscientious consideration by you as any party.

## INSTRUCTION NO. 12

## CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff Nick Tubar claims that defendant Officer Jason Clift violated his Fourth Amendment rights by seizing him in an unreasonable manner when Officer Clift fired three shots at the vehicle in which the plaintiff was riding as a passenger and hit the plaintiff with the third shot. The plaintiff also contends that defendant City of Kent ratified Officer Clift's unreasonable seizure. The plaintiff further contends that the unreasonable seizure resulted from the policies and customs of the City of Kent under former Police Chief Ed Crawford. The plaintiff has the burden of proving these claims.

The defendants deny each of these claims.

## INSTRUCTION NO. 13

## STIPULATIONS OF FACT

The parties have agreed to certain facts. You should therefore treat these facts as having been proved.  I will read those facts to you now.

1.     Shortly after midnight on June 26, 2003, plaintiff Nico Tubar was a passenger in a 2001 Kia Rio, License No. 168 LNB, that had been stolen by Heather Morehouse.

2.     Ms. Morehouse was Mr. Tubar's neighbor in an apartment building next door to a small office building at 10618 Kent Kangley Road.

3.     At the time, Jason Clift was a Kent police officer acting within the scope of his duties as such, and under color of state law.

4.     At approximately 11:50 p.m. on June 25, 2003, Officer Clift saw the Kia in a parking lot behind the office building.  He radioed license information to Valley Communications Center and was informed that the vehicle was stolen.

13

## INSTRUCTION NO. 14

## SECTION 1983 CLAIM—INTRODUCTORY INSTRUCTION

The plaintiff brings claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

## INSTRUCTION NO. 15

## SECTION 1983 CLAIM AGAINST INDIVIDUAL DEFENDANT—ELEMENTS AND BURDEN OF PROOF

In order to prevail on his § 1983 claim against defendant Officer Clift, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1.      the defendant acted under color of law; and

2.      the acts of the defendant deprived the plaintiff of his particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. I instruct you that defendant Officer Clift acted under color of law, and therefore the first element requires no proof.

You must determine whether Officer Clift deprived the plaintiff of his particular rights under the United States Constitution.

## INSTRUCTION NO. 16

## PARTICULAR RIGHTS—FOURTH AMENDMENT— UNREASONABLE SEIZURE OF PERSON—GENERALLY

As previously explained, the plaintiff has the burden to prove that the acts of defendant Officer Clift deprived the plaintiff of particular rights under the United States Constitution.  In this case, the plaintiff alleges Officer Clift deprived him of his rights under the Fourth Amendment to the Constitution when Officer Clift pointed his gun at the vehicle in which plaintiff was a passenger and then fired three shots.

Under the Fourth Amendment, a person has the right to be free from an unreasonable seizure of his person. In order to prove the defendant Officer Clift deprived the plaintiff of this Fourth Amendment right, the plaintiff must prove the following elements by a preponderance of the evidence:

1.      Officer Clift seized the plaintiff's person;

2.      in seizing the plaintiff's person, Officer Clift acted intentionally; and

3.      the seizure was unreasonable.

I am instructing you that Officer Clift seized the plaintiff by shooting him, and that Officer Clift acted intentionally in doing so; and therefore the first and second elements require no proof.

You must determine whether, under all the circumstances, Officer Clift's seizure of the plaintiff was reasonable or unreasonable.  If you find the plaintiff has

16

proved that the seizure was unreasonable, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove the seizure was unreasonable, your verdict should be for the defendant.

## INSTRUCTION NO. 17

## PARTICULAR RIGHTS—FOURTH AMENDMENT—
## UNREASONABLE SEIZURE OF PERSON—EXCESSIVE FORCE

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest or stop or in defending himself during an arrest or stop. Thus, in order to prove an unreasonable seizure in this case, the plaintiff must prove by a preponderance of the evidence that Officer Clift used excessive force when he pointed his gun at the vehicle in which the plaintiff was a passenger and then fired three shots. The plaintiff may satisfy this burden of proof by showing either that the entire seizure was unreasonable, or that the shot that hit the plaintiff was itself unreasonable.

Under the Fourth Amendment, a police officer may only use such force as is "objectively reasonable" under all of the circumstances. In other words, you must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.

In determining whether the officer used excessive force in this case, consider all of the circumstances known to the officer on the scene, including:

1.      The severity of the crime or other circumstances to which the officer was responding;

2.      Whether the vehicle posed an immediate threat to the safety of the officer;

18

3.      Whether the plaintiff was actively resisting arrest or attempting to evade arrest by flight;

4.      The amount of time and any changing circumstances during which the officer had to determine the type and amount of force that appeared to be necessary;

5.      The type and amount of force used;

6.      The availability of alternative methods to take the plaintiff into custody.

A police officer can act unreasonably even if the officer does not act with any evil motive or intent. The question is whether the officer's actions are "objectively reasonable" in light of the facts and circumstances confronting him without regard to his underlying intent or motivation. An officer's "evil" intentions will not make a constitutional violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional.

## INSTRUCTION NO. 18

## SECTION 1983 CLAIM AGAINST LOCAL GOVERNING BODY DEFENDANT—INTRODUCTION

As will be explained in detail in the following instructions, the plaintiff may prevail on his § 1983 claim against defendant City of Kent in either one of two ways. First, the plaintiff may prove that the City of Kent's final policymaker ratified the unconstitutional conduct and the basis for it. Second, the plaintiff may prove that the constitutional violation was caused by the policies of the City of Kent. The plaintiff need only prove one of these means for liability in order to prevail on his § 1983 claim against defendant City of Kent. If the plaintiff has proven neither ratification nor a policy that caused the constitutional violation, your verdict should be for defendant City of Kent.

## INSTRUCTION NO. 19

## SECTION 1983 CLAIM AGAINST LOCAL GOVERNING BODY DEFENDANT BASED ON RATIFICATION—ELEMENTS AND BURDEN OF PROOF

In order to prevail on his § 1983 claim against defendant City of Kent alleging liability based on ratification by a final policymaker, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1.      Officer Clift acted under color of law;

2.      the acts of Officer Clift deprived the plaintiff of his Fourth Amendment right to be free from an unreasonable seizure, as explained in Instructions 16 and 17;

3.      Chief Ed Crawford acted under color of law;

4.      Chief Crawford had final policymaking authority from defendant City of Kent concerning the acts of Officer Clift; and

5.      Chief Crawford ratified Officer Clift's acts and the basis for them; that is, Chief Crawford learned of and specifically approved of Officer Clift's acts.

I instruct you that Officer Clift and Chief Crawford acted under color of law, and that Chief Crawford had final policymaking authority for purposes of approving or disapproving of Officer Clift's acts; and therefore the first, third, and fourth elements require no proof.

21

If you find the plaintiff has proved the remaining second and fifth elements, your verdict should be for the plaintiff on his § 1983 claim against defendant City of Kent. If, on the other hand, the plaintiff has failed to prove any one or more of these elements, your verdict should be for defendant City of Kent on the claim for liability based on ratification.

## INSTRUCTION NO. 20

## SECTION 1983 CLAIM AGAINST LOCAL GOVERNING BODY DEFENDANTS BASED ON POLICY OF FAILURE TO SUPERVISE AND/OR DISCIPLINE—ELEMENTS AND BURDEN OF PROOF

An alternative way the plaintiff may prevail on his § 1983 claim against defendant City of Kent is by proving a policy of failure to supervise and/or discipline its police officers. In order to prove this, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1. the acts of Officer Clift deprived the plaintiff of his Fourth Amendment right to be free from an unreasonable seizure, as explained in Instructions 16 and 17;

2. Officer Clift acted under color of law;

3. the supervision and discipline policies of the defendant City of Kent were not adequate to supervise and/or discipline Officer Clift in the use of force under the usual and recurring situations with which officers in his position must deal;

4. the defendant City of Kent was deliberately indifferent to the obvious consequences of its failure to supervise and/or discipline Officer Clift adequately; and

5. the failure of the defendant City of Kent to provide adequate supervision and/or discipline caused the deprivation of the plaintiff's

23

rights by Officer Clift; that is, the defendant's failure to supervise and/or discipline is so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury.

I instruct you that Officer Clift acted under color of law, and therefore the second element requires no proof.

"Deliberate indifference" is the conscious choice to disregard the consequences of one's acts or omissions. The plaintiff may prove deliberate indifference in this case by showing that defendant City of Kent knew its failure to supervise and/or discipline adequately made it highly predictable that Officer Clift would engage in conduct that would deprive persons such as the plaintiff of his rights.

If you find the plaintiff has proved each of these elements, your verdict should be for the plaintiff on his § 1983 claim against defendant City of Kent. If, on the other hand, the plaintiff has failed to prove any one or more of these elements, your verdict should be for defendant City of Kent on the claim for liability based on inadequate supervision and/or discipline.

24

# INSTRUCTION NO. 21

## COMPENSATORY DAMAGES—BURDEN OF PROOF AND MEASURE OF TYPES OF DAMAGES

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Compensatory damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

    (1)    The nature and extent of the injuries;

    (2)    The disability and loss of enjoyment of life experienced;

    (3)    The mental, physical, emotional pain and suffering experienced;

    (4)    The reasonable value of necessary medical care, treatment, and services received to the present time and which with reasonable probability will be required in the future;

    (5)    The reasonable value of wages and earnings lost to the present time; and

    (6)    The reasonable value of necessary household help required to the present time.

25

It is for you to determine what damages, if any, have been proved. Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

## INSTRUCTION NO. 22

## DAMAGES—MITIGATION

The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

1.  that the plaintiff failed to use reasonable efforts to mitigate damages; and

2.  the amount by which damages would have been mitigated.

# INSTRUCTION NO. 23

# PUNITIVE DAMAGES

If you find that defendant Officer Clift violated the plaintiff's constitutional rights, you may, but are not required to, award punitive damages against Officer Clift. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded, and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that his actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as

28

by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct, including whether the conduct that harmed the plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case. You may not, however, set the amount of any punitive damages in order to punish the defendant for harm to anyone other than the plaintiff in this case.

In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

Punitive damages may not be awarded against defendant City of Kent.

## INSTRUCTION NO. 24

## DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## INSTRUCTION NO. 25

## COMMUNICATION WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**INSTRUCTION NO. 26**

**RETURN OF VERDICT**

A verdict form has been prepared for you. You must answer the questions in the order in which they are written, and according to the directions on the form. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.